WILLIAM W. EASTHAM *vs.* JAMES A. RIEDELL & another.

Suffolk. Nov. 12. — 13, 1878. COLT, MORTON & SOULE, JJ., absent.

On the issue of ordinary care by a bailee, if the evidence is conflicting as to the circumstances of the case, a question to an expert, as to the practice and care of others in the same business as the defendant, "under like circumstances," may properly be excluded.

TORT for injuries to the plaintiff's horse, alleged to have been caused by the negligence of the defendants.

At the trial in the Superior Court, before *Wilkinson*, J., it appeared in evidence that the defendants were stable-keepers in Boston, and, as a part of their business, received horses to board, that in June, 1873, they took the plaintiff's horse to board, and continued to board it at their stable until January, 1876; that on August 30, 1874, one McNeil, a boy in the plaintiff's employ, and known by the defendants to be so employed, came to their stable and took the plaintiff's horse away, stating to the defendants' servants that the plaintiff desired him to get his horse and meet him at a certain place; that the horse, while in McNeil's possession, was thrown down and injured; and that, previously to this occasion, McNeil had several times driven the horse to the stable by direction of the plaintiff. Both the plaintiff and McNeil testified that the latter had no authority from the plaintiff to take the horse from the defendants' stable, and McNeil also testified that he had not taken the horse away from the stable on any other occasion. The defendants called several witnesses, men in their employ in 1874, who testified that the same boy, who took the plaintiff's horse away on the day of the accident, had driven the horse to the stable several times previously, and on two or three occasions taken the horse from the stable; and that they knew that the boy was in the employ of the plaintiff.

The defendants proposed to ask several stable-keepers, who were in attendance upon the trial, the following question: " What is the practice of stable-keepers in relation to the delivery of horses, under circumstances like those of this case ? " and also offered to prove, by testimony of stable-keepers, that the same care was exercised in relation to the plaintiff's horse which was usually exercised under like circumstances by other stable-keepers in Boston, as bearing upon the question of ordinary care. But the judge excluded this evidence.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*C. A. Carpenter*, for the defendants.

*A. Russ*, for the plaintiff.

BY THE COURT. The testimony admitted as to the circumstances of the case on trial was conflicting, and the inquiry as to

the practice and the care of other stable-keepers "under like cir-
cumstances" might therefore be properly excluded as affording
no definite basis for the testimony and the opinion of the wit-
nesses. *Exceptions overruled.*