STEPHEN O. BARNUM et al., Respondents, *v.* THE MERCHANTS' FIRE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiffs, who were doing business in the city of Buffalo, a policy of fire insurance "on store, furniture and fixtures," in a building in that city, "to be used by the assured as a fancy-goods and Yankee-notion store." The policy contained a condition in effect, that in case the property should be used for storing or keeping therein any articles, or for more hazardous purposes than that called for by the original contract of insurance, unless specially provided for, or thereafter agreed to, by defendant, or if, during the existence of the policy, the risk should be increased by occupation of the premises for more hazardous purposes, unless notice thereof was given to defendant, and its consent in writing indorsed, the policy would thereby be rendered void. In the classes of hazards forming part of the policy, fancy-goods and Yankee-notions were classed as "extra-hazardous" and fireworks as "specially hazardous." Over the latter class was printed a statement that the merchandise specified therein "to be covered must be specially written in the policy." In an action upon the policy it appeared that at the time of the fire plaintiff had in the store a stock of fireworks, brought in after the policy was issued; no notice of intention to keep them had been given defendant, or assent on its part obtained. Plaintiff was allowed to prove, under objection and exception, that fireworks constituted an ordinary, usual and recognized portion of a stock of fancy-goods and Yankee-notions stores. *Held* no error; and that the evidence justified a finding that there was no breach of said condition

The assured was required by the policy to produce, with the proofs of loss a certificate "of a magistrate or notary public most contiguous to the place of the fire and not concerned in the loss," stating certain particulars in reference thereto. The certificate accompanying the proofs was of a notary residing within four hundred feet of the fire. It appeared

that there was another notary who lived nearer. No defect in this respect was pointed out by defendant until after the commencement of the action. *Held,* that it was then too late to raise the objection.

The policy provided that no action against defendant for the recovery of any claim under the policy should be sustainable unless commenced within six months "next after the day on which any loss or damage shall occur." The fire occurred June 4, and proofs of loss were furnished June 13, 1879. An active correspondence between the parties followed, defendant claiming that the proofs should be amended, and also deprecating a suit and urging an arbitration or a reference, until by letter dated January 24, 1880, it directed its attorney to enter an appearance in the matter. Said attorney, on January 26, served on plaintiffs a notice of retainer entitled "In the Supreme Court," and demanded a copy of the complaint to be served on them at their office. On January 28, plaintiffs' attorneys mailed to defendant's attorneys a summons and complaint in the Superior Court of Buffalo. This was retained, and defendant requested and obtained from plaintiffs' attorney an extension of time to March 25, 1879. An answer was served March 24, setting up among other things that the action was not commenced in time. *Held,* that this defense was not made out ; that until the close of the negotiations in reference to further proofs of loss the loss did not accrue ; also that retaining and answering the complaint was an acquiescence in the change of the court and an admission that the summons and complaint were properly served, and justified a finding that such service was of the date of mailing the papers.

(Argued October 17, 1884; decided October 31, 1884.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made April 27, 1882, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee.

This was an action upon a policy of fire insurance.

The material facts are stated in the opinion.

*H. E. Sickels* for appellant. The parties to a contract may provide for a shorter time to commence actions thereon than that fixed by statute. ( *Wilkinson* v. *F. N. F. Ins. Co.,* 72 N. Y. 499.) A civil action can only be commenced under the Code by service of a summons, or by what is there stated to be equivalent to such service, *i. e.,* a voluntary appearance of the defendant. (Code, §§ 398, 413, 416, 421, 424.) An

unsuccessful attempt to commence an action may not be invoked to defeat the operation of the limitation in the contract. (*Edmondstone* v. *Thompson*, 15 Wend. 554.) As the classes of hazards contained in the policy were by its express terms made part of it, and it was made and accepted in reference thereto, they are to be used and resorted to in order to determine the rights and obligations of the parties. (*Duncan* v. *Sun Ins. Co.*, 6 Wend. 488; *Murdock* v. *C. C. M. Ins. Co.*, 2 N. Y. 210.) The words ordinarily used to define the different classes of hazards, *i. e.*, "hazardous," "extra-hazardous," "specially hazardous," have a fixed and settled meaning, which may not be explained away or altered by parol, and a use classed as "specially" is known to be greater than one classed as "extra-hazardous." (36 N. Y. 648, 649; *Pinder* v. *Continental Ins. Co.*, 38 id. 362; 47 id. 112.) As the language of the policy is clear and unambiguous, nothing outside of it can be looked at to qualify, limit or enlarge it. (*Collender* v. *Dinsmore*, 55 N. Y. 200, 208; *Security Bk.* v. *Nat. Bk.*, 67 id. 458; *Reed* v. *Lancaster F. Ins. Co.*, 90 id. 383; *Pinder* v. *Rings Ins. Co.*, 36 id. 648, 649.) To bind the parties by a usage, it must be reasonable, uniform, not in opposition to fixed rules, not in contradiction of the express terms of the contract. (*Walls* v. *Bailey*, 4 N. Y. 464, 469.) There can be no waiver of the requirements of a policy without knowledge of the facts upon which it is based. (*Robertson* v. *Mut. Life Ins. Co.*, 88 N. Y. 541.)

*Sherman S. Rogers* for respondents. The limitation in a policy of insurance that the action shall be commenced "within the term of six months after any loss or damage shall accrue," is to be construed in connection with the other conditions of the policy, and, thus construed, means that the action shall be commenced within six months after the right to sue the company has accrued. (*Mayor, etc.,* v. *Hamilton Ins. Co.*, 39 N. Y. 45; *Ames* v. *N. Y. Union Ins. Co.*, 14 id. 253; *Mix* v. *Andes Ins. Co.*, 9 Hun, 399. Whether the service was good or bad is now a matter of no consequence, for the defendant

having chosen to recognize the summons as a process of the court, and in obedience to its mandate having appeared and answered the plaintiff's complaint, is now estopped from denying the regularity and sufficiency of the service. (*D. & L. C. R. R. Co.* v. *V. C. R. R. Co.*, 63 N. Y. 181 ; *Dix* v. *Palmer et al.*, 5 How. Pr. 234 ; *Flynn* v. *Hudson R. R. R. Co.*, 6 id. 309 ; *Norris* v. *Hope Mut. Life Ins. Co.*, 8 Barb. 544 ; *Tracy* v. *Reynolds*, 7 How. Pr. 328.) The retention of the proofs of loss, without objections as to the sufficiency of the notary's certificate, was a waiver of any defect in that regard. (*O'Neil* v. *Buffalo Ins. Co.*, 3 N. Y. 128 ; *Turley* v. *American Ins. Co.*, 25 Wend. 374 ; *McMaster* v. *Westchester Ins. Co.*, id. 379 ; *Hartford Ins. Co.* v. *Harmes*, 2 Ohio St. 452 ; *Brown* v. *Queens Ins. Co.*, 31 How. Pr. 508 ; *Harper* v. *N. Y. Ins. Co.*, 17 N. Y. 194 ; *Pindar* v. *Kings Ins. Co.*, 36 id. 648 ; *Pindar* v. *Continental Ins. Co.*, 38 id. 370 ; *Harper* v. *N. Y. Ins. Co.*, 22 id. 441.) The fact being established that fireworks constituted a part of the stock of stores like that specified in the policy, the plaintiffs can recover, even though fireworks are generally prohibited except at special rates. (*Steinbach* v. *Lafayette Ins. Co.*, 54 N. Y. 95 ; *Pindar* v. *Kings Co. Ins. Co.*, 36 id. 648 ; *Harper* v. *Albany Ins. Co.*, 17 id. 194 ; *Harper* v. *N. Y. City Ins. Co.*, 22 id. 441.)

DANFORTH, J.  The plaintiffs, while doing business in Buffalo, obtained from the defendant a policy of insurance in the sum of $2,500 against loss or damage by fire " on store, furniture and fixtures," contained in a certain building in that city, " to be occupied by the assured as a fancy-goods and Yankee-notion store."

The property was injured by fire on the 4th of June, 1879, and upon suit brought it was established that the liability of the defendant, if any, amounted to $670.25, but the policy contained conditions dividing insurable property into " not hazardous," " hazardous," " extra-hazardous " and " specially hazardous," and by which fire-crackers in packages were denominated " hazardous," fancy goods " extra-hazardous," Yankee notions " extra-hazardous," and fireworks " specially

hazardous," and above the class "specially hazardous" was printed "the following merchandise * * * to be covered must be specially written in the policy," and then follows a list in which is found "fireworks."

It was also therein declared "that in case the said property at any time shall be used for the purpose of carrying on therein any trade * * * or for storing, using, or keeping therein any articles, goods or merchandise, or for more hazardous purposes than that called for by the original contract of insurance, * * * except as herein specially provided for or hereafter agreed to by this corporation, in writing, upon this policy ; or if, during its existence, the risk shall be increased * * * by any means, or by the occupation of the premises for more hazardous purposes than are permitted by this policy, * * * the insured shall give proper notice, in writing, and have the same indorsed, in writing, and any failure to comply with these conditions will make this policy void."

In case of loss the assured was required, among other things, to "produce a certificate under the hand and seal of a magistrate or notary public most contiguous to the place of the fire, and not concerned in the loss," stating certain particulars in relation thereto ; and these provisions being complied with, it was further provided that no suit or action of any kind against the company for the recovery of any claim under the policy shall be sustainable, unless it "be commenced within the term of six months next after the day on which any loss or damage shall occur."

At the time of the fire the plaintiffs had in the store from six hundred and fifty to seven hundred boxes of fire-crackers, and from $200 to $400 worth of fireworks, consisting principally of Roman candles, rockets, and some small works like pin-wheels. All these articles were procured after the policy was issued, and unless they are fairly to be considered as forming part of the stock of a fancy-goods and Yankee-notion store, no notice of an intention to keep them was given to the company, nor its assent thereto in any manner obtained. To remove this difficulty the plaintiffs' counsel, against the objec-

tion of defendant, proved that fire-crackers and fireworks constitute an ordinary and usual and recognized portion of a stock of fancy-goods and Yankee-notions stores, and were ordinarily kept in such stores at the time of the writing of the policy mentioned in the complaint.

In this there was no error.  The policy was ambiguous. To ascertain whether the assured used the store in which the insured property was placed for storing or keeping articles not permitted, or which would increase the risk, it was necessary to ascertain what articles were included in the term selected by the insurer, viz. : a " fancy-goods and Yankee-notion store." The policy does not disclose it, and it is not perceived that it could be done except by proof as to the goods and merchandise usually kept in such stores.  The provisions of the policy are ample to exclude by name prohibited articles from the risk, but they throw no light upon the question : What varieties of merchandise properly belong to a store characterized as was the one in this case ?  Fireworks are mentioned as specially hazardous, and " to be covered must be specially written in the policy."  But here there was no insurance upon the stock, and the question presented by that condition does not arise.  The inquiry was merely to discover whether the questionable articles formed part of the business which might properly be carried on in the store where the insured property was placed. For that purpose it was admissible, not only within the well-settled general rule, that in determining the meaning of a policy regard must be had to the course of the trade to which it relates, but also within the cases in this court upon the precise point. (*Pindar* v. *Kings Co. Fire Ins. Co.*, 36 N. Y. 648 ; *Steinbach* v. *Lafayette Fire Ins. Co.*, 54 id. 90.) The evidence was sufficient to justify the referee's findings in accordance with it, even if it is considered — as the appellant claims it should be — as relating only to the city of Buffalo and its vicinity.  The subject of the insurance was at that place, and the underwriters knew, or ought to have known, the usage and course of business in connection with which the policy was issued, and must be assumed to have made their contract

with reference to it. There was, then, no breach of any condition of the policy, and the plaintiffs established a cause of action.

The appellant objects to its enforcement, however, upon the grounds, *first,* that although the plaintiffs produced the certificate of a notary-public in due form, " he was not the notary referred to in the policy, because he was not the one most contiguous to the place of fire," and *second,* that the action was not commenced within the time specified in the policy. It appeared, however, that proofs of loss were given in due season, and objections upon various grounds made to their sufficiency. The notary in fact resided within four hundred feet of the fire, and no defect in this respect was pointed out until after the commencement of the action. It was then too late. (*O'Niel* v. *Buffalo Fire Ins. Co.*, 3 N. Y. 122.) As to the remaining point, the proofs of loss were furnished June 13, 1879, and then followed an active correspondence between the company and the insured and their attorneys, the former claiming that the proofs of loss should be amended in several particulars, and also deprecating a suit and proposing and urging an arbitration or reference of the claim of the assured, until by letter of the 24th of January, 1880, the insurers directed their attorneys to enter an appearance in this matter. It was done on the 26th of January, 1880, by service on the attorneys of the insured of notice of retainer, entitled " In the Supreme Court," and demanding a copy of the complaint to be served on the attorneys for the insurers at their office. On the 28th of January, the summons and complaint in this action (in the Superior Court of Buffalo) was served on the defendant's attorneys by mail. The defendant again sought to arbitrate, and requested and obtained from plaintiffs' attorneys, an extension of the time to answer to March 25, and did in fact answer the complaint on the 24th of March.

As regards the defense setting up that the action was not commenced in time, the learned counsel for the appellant concedes that the time to bring the action did not expire until February 13, 1880. The referee found that it was in fact com-

menced on the 28th of January of that year. Upon the facts stated it can hardly be pretended that the application now sought to be made of the condition in question is either "just or honest," and it is said that in such case only "should it be permitted to defeat a recovery." (*Mayor, etc., v. Hamilton Fire Ins. Co.,* 39 N. Y. 45; *Hay* v. *Star Fire Ins. Co.,* 77 id. 235.) Nor does it apply except where the proofs of loss were originally complete and received without objection (*Ames* v. *N. Y. Union Ins. Co.,* 14 N. Y. 254), nor where the delay is occasioned by the demand of underwriters for other particulars. (*Mayor, etc.,* v. *Hamilton Fire Ins. Co., supra; Ames* v. *Union Fire Ins. Co., supra ; Hay* v. *Star Fire Ins. Co., supra.*)

The defendant may, by objecting to the proofs of loss, impose upon the assured the duty of making them complete and removing, if possible, the dissatisfaction of the insurer, and if he chooses to do so, the delay is mutual and the time of limitation necessarily extended. That was the case here. On the 6th of August the defendant by letter requested the plaintiffs to amend their proofs of loss in various specified particulars, as to the origin of the fire, when it occurred, and whether there were at the time of the fire, or had been immediately preceding it, fireworks within the store in question, and inclosed blank proofs of loss to be filled up. Some information was given, but on the 15th of August the defendant replied that it was insufficient and wanted fuller answers to the questions of the preceding letter. This was repeated on the 28th of August and a compliance with the policy requested, and the defendant says : " We will accept nothing short of a full and complete proof of loss embracing the points propounded in letter of August 6, 1879, and desire to make this request so plain that you cannot misunderstand it. The loss of time mentioned by you is attributable to yourselves only. Please read policy conditions and make satisfactory proofs of loss at once."

The complaints on the part of the defendant, and efforts on the part of the plaintiffs to comply with them, continued until December. These facts are undisputed. Each party, therefore,

assented to the delay, and while the negotiation was in progress, the defendant could not be called upon to pay, and consequently the cause of action did not accrue. (See cases, *supra*, and *Steen* v. *Niagara Fire Ins. Co.*, 89 N. Y. 315.) But in any view of the case the action was in time. When the attorneys were authorized by the defendant to appear for it, no suit was pending, but there was a controversy or "a case" against it in favor of these plaintiffs. The insurance company anticipated the commencement of an action, and its attorneys gave a formal retainer. This could not bind the plaintiffs to commence their action in the court named by them, but they were authorized to act for the defendant in such action as should be commenced, and service on them was made equivalent to service on the client. The process and complaint were served on the day named by the referee, and were retained by the defendant's attorneys as if in conformity with the demand, and the answer of the defendant was to the complaint thus served. It related to a state of things existing at the time of the service of that pleading, and that act of acquiescence was an admission that the parties answering had been brought into court, not that they went in uninvited. When the complaint was thus served, the time limited by the condition, however the facts are construed, had not expired, and if the defendant did not intend to receive it, as in compliance with its demand, it should have been returned. We think no defense was established and that judgment properly went against the defendant.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent; EARL, J., in result.

Judgment affirmed.