## HENRY WRIGHT, APPELLANT, *v.* CHARLES BOLLER AND NICHOLAS C. RECKTENWALT, RESPONDENTS.

*Evidence of a custom, as to the manner in which other persons conduct their business, is not admissible in favor of a defendant sued for negligently conducting his business.*

In February, 1884, the plaintiff, who was walking on the west side of Louisiana street, in the city of Buffalo, turned, when opposite to the north side of Mackinaw street, to cross to the other side of Louisiana street. When he had nearly reached the curb-stone, on the easterly side of Louisiana street, he was hit by a board which had been blown from a lumber pile which was owned by the defendants, who were engaged in the lumber business, their yards being on the west side of Louisiana street.

Upon the trial of this action, brought to recover damages for the personal injuries sustained by the plaintiff, evidence was given tending to show that the lumber piles in the defendants' yard, when originally completed, were bound or tied down by boards crossing the top and hooked by means of clasps lower down upon the pile so that the boards upon the top of the pile could not blow away; that the pile from which the board in question came, had some days before been broken into and a portion thereof had been drawn away, and that the pile had been left without again being tied or fastened.

The defendants called a number of lumbermen doing business in the city of Buffalo, and were allowed, against the objection and exception of the plaintiff, to prove by them that it was the common custom, in lumber yards in that city, where a pile was once opened and was being used, not to again fasten the lumber down. The court charged that the jury had the right to take into consideration the evidence given by these witnesses, to help them to satisfy their minds and form their judgments as to what was, in that business, care and prudence.

*Held,* that the court erred in admitting the evidence and in so charging.

That the question of negligence was one for the jury, under the circumstances of the case, and did not depend upon the custom of persons engaged in a like business.

A rule of law cannot be changed by any local custom.

APPEAL from a judgment, entered upon a verdict rendered at the Erie Circuit in favor of the defendants, and from an order of the Erie Special Term denying a motion for new trial made upon a case and exceptions.

*Duckwitz & Lawler,* for the appellant.

*George Wadsworth,* for the respondents.

HAIGHT, J. :

This action was brought to recover damages for personal injuries. The defendants were engaged in the lumber business, having a yard on the north side of the Ohio basin and on the west side of Louisiana street, in the city of Buffalo, where their lumber was piled and stored. On the west side of Louisiana street, and within a few feet of the street, were three piles of lumber, two of which belonged to the defendants and the other to one Perry. On the 21st day of February, 1884, the plaintiff, in company with one Baxter, was walking on the west side of Louisiana street towards Mackinaw street; that when they got to a point opposite the north side of Mackinaw street they crossed over towards the other side, and when the plaintiff nearly reached the curb-stone, on the easterly side of Louisiana street, he was hit by a board which had blown from one of the lumber piles and received the injuries for which this action was brought.

There was evidence tending to show that these lumber piles when originally completed, were bound or tied down by boards crossing the top and hooked by means of clasps lower down upon the pile so that the boards upon the top of the pile could not blow away; that one of the defendants' piles from which the board in question came, had some days before, been broken into and a portion thereof drawn away, and that the pile had been left without again being retied or fastened. The leaving of the pile so that the boards were liable to be blown off upon travelers upon the street, is the negligence which the plaintiff charges against the defendants as the basis of his right to recover.

Upon the trial the defendants called a number of lumbermen doing business in the city of Buffalo and proved by them that it was the common custom, in lumber yards in this city, where a pile is once opened and is being used, not to again fasten the lumber down. This evidence was taken under the objection and exception of the plaintiff. The court, in its charge to the jury, instructed it that the defendants were required to do their business in the ordinary way in which men of common prudence conduct their business, and that the defendants had called a number of lumber dealers in the city who had testified that the way in which business was done in this city was that when they were drawing from a pile,

from time to time, they do not put on stays to protect the lumber; that the jury had the right to take into consideration the evidence given by these lumbermen, sworn to as to custom, to help them to satisfy their minds and form their judgments as to what is, in the business, care and prudence. The charge of the court in this particular was excepted to by the plaintiff. The question is thus presented whether the defendants can excuse their negligence by proving a custom.

The respondents contend that the case of *Barnum* v. *The Merchants' Fire Insurance Company* (97 N. Y., 188) is an authority sustaining the competency of the evidence and the correctness of the charge. In that case the action was upon an insurance policy upon the plaintiff's stock of goods described in the policy as " fancy goods and Yankee notions." Upon the trial the plaintiff was allowed to prove that fireworks constituted an ordinary, usual and recognized portion of a stock of fancy goods and Yankee notions in stores, and upon the review this was held proper. It will be observed that the evidence was confined to what was embraced in and meant by a stock of " fancy goods and Yankee notions," and went no further. In the case at bar the question is not what was meant by the term negligence, but is as to the custom of lumber dealers in reference to fastening the boards upon the top of their lumber piles. The custom may or may not be a proper one. There may be a custom to fire loaded guns and pistols on Independence Day, and yet an individual would hardly be excused from negligently shooting another because of such custom. A railroad company may cause injury to others by running its trains at a high rate of speed through a crowded city, and yet it would hardly be permitted to establish its right to do so by showing a custom on the part of other railroads to so run or operate their trains. The lumbermen of Buffalo may have a custom not to bind the lumber on piles that have been once broken into; their lumber yards and piles may be situated remote from the public highway where no danger can result from any neglect to so bind or tie the lumber. The circumstances under which their custom has been established may be quite different from those surrounding the defendants. Their piles are located by the side of the public way frequented with travelers, and, in our judgment, the question of negligence was one for the

jury under the circumstances of the case, and that it did not depend upon the custom of persons engaged in a like business.

The right of the plaintiff to recover depends upon a rule of law, that is, whether the defendants were guilty of negligence that contributed to or caused the injury in question, and whether the plaintiff was free from negligence contributing thereto. The rule is that a rule of law cannot be changed by any local custom. (*The Corn Exchange Bank* v. *The Nassau Bank*, 91 N. Y., 74; *Higgins* v. *Moore*, 34 id., 417; *Wheeler* v. *Newbould*, 16 id., 392; *Case* v. *Perew*, 34 Hun, 130; *West* v. *Kiersted*, 15 W. D., 549; *Babcock* v. *N. Y. C. and H. R. R. R. Co.*, 20 id., 477; *Eastham* v. *Riedell*, 125 Mass., 585.)

We are of the opinion that the judgment and order should be reversed and a new trial granted, with costs to abide the event.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.