(16 App. Div. 86.)

### AUSTEN v. NIAGARA FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. April 26, 1897.)

INSURANCE—ACTION ON POLICY—LIMITATION.

> Failure to sue within one year after the loss occurred, as required by the policy, is excused where the delay was caused by the appraiser appointed under another clause of the policy, providing that the loss should not be payable until 60 days after an award by appraisers, when appraisement has been required.

Appeal from trial term, Westchester county.

Action by Adeline F. Austen against the Niagara Fire Insurance Company on a fire insurance policy. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Chas. De Hart Brower, for appellant.
Michael H. Cardozo, for respondent.

GOODRICH, P. J. The action was brought upon a fire insurance policy, in the standard form, to cover loss on personal apparel, household furniture, etc., resulting from a fire at Yorktown Heights, December 19, 1894, and was commenced March 26, 1896. The policy contained the usual clauses, among which were the following:

> "The loss shall not become payable until sixty days after notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company, including an award by appraisers, when appraisal has been required." "No suit on this policy * * * shall be sustainable * * * until after full compliance by the insured with all the foregoing requirements, * * * nor unless commenced within twelve months next after the fire." "The sum for which this company is liable pursuant to this policy shall be payable sixty days after * * * ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy."

As the action was not commenced "within twelve months next after the fire," it becomes necessary to ascertain the reasons for such delay, and to decide whether it was occasioned by the action of the assured. Notice of the loss was served on the defendant December 20, 1894, and proofs of loss on January 12, 1895. On February 16th the defendant objected to the proofs. In compliance with said objections, the plaintiff, on February 26th and on

March 19th, served further proofs of loss; and the defendant on March 22d made further objections, and on March 27th the plaintiff served further proofs.   On April 16th the defendant demanded an inspection of the bills and books of the plaintiff, and on April 26th the plaintiff, in response thereto, served further papers.   Previously, on February 20th, the defendant had demanded a personal examination of the plaintiff, which, as appears by the allegations of the complaint and admissions of the answer, extended apparently beyond April 26th.   The complaint alleged the appointment of appraisers and umpire in accordance with the policy, and their appraisal of the loss on December 20, 1895.   The answer denied this allegation, but it was stipulated at the trial that the plaintiff had made a demand for the appraisal, that the defendant had acceded to such demand, that the appraisal was had, and that the appraisers made an award appraising the sound, cash value of the property at $5,673.05, and the damage thereto at $4,660.80. To account for the delay in commencing this action, the plaintiff offered evidence showing that on April 2, 1896, she had named Mr. Ogden as her appraiser, that the defendant had appointed Mr. Crolius, and that correspondence ensued between the appraisers relative to the appointment of an umpire which extended from April 8th to June 25th, at which time Mr. Lefevre was appointed umpire.   Still further correspondence ensued between the parties, owing to the refusal of Mr. Crolius to proceed with the appraisement until certain papers were signed, or until some paper was executed limiting the duties of the appraisers and umpire to an assessment of the damages.   The plaintiff refused to sign such papers, but offered to sign an agreement which should provide for an "estimate and appraisement of the loss."   The appraisers did not act until September 26th, and on December 23d the appraisal was closed.   As the policy provided that the loss was "payable sixty days after  *  *  *  ascertainment, estimate, and satisfactory proof of the loss," the plaintiff could not bring her action until the 21st of February, 1896, and the action was commenced on March 26th.   The delay in the commencement of the action resulted from the delayed action of the appraisers, and whether or not the defendant had waived the provision of the policy which required the commencement of the action within 12 months.   At the close of the plaintiff's evidence the defendant moved for the dismissal of the complaint on the ground that the action was not commenced within one year after the fire.   The court held that the defendant had not waived anything, that the delay was the fault of the plaintiff, and directed a dismissal of the complaint.

The appraisers and umpire, when appointed, became the agents of both parties, and for their action both parties were equally responsible.   In the case of Barnum v. Insurance Co., 97 N. Y. 188, it was held that where the insurance company had objected to the sufficiency of the proofs of loss, and demanded further proofs, and thus imposed upon the insured the duty of making them complete, the limitation of 60 days is necessarily extended.   In the case of Mayor, etc., of City of New York v. Hamilton Fire Ins. Co., 10 Bosw.

537, it was held that an action brought promptly upon the expiration of 60 days from the adjustment of loss was not barred because commenced more than 6 months after ·the loss occurred. The court, at page 547, said:

"And where the parties, in good faith, but without any objection that unnecessary time is taken for the purpose, are occupied so long in adjusting proofs that sixty days from the date of adjustment will not expire within the six months, the policy does not become forfeited merely because the suit is not brought within the six months, and before the loss is payable."

And in Holladay's Adm'r v. Phenix Ins. Co., 7 U. S. App. 325, 2 C. C. A. 463, and 51 Fed. 715, the court held that any other construction would make the provision of the policy an instrument of fraud.

The defendant's counsel contended that the delay was caused solely by the fault· of the plaintiff, that her counsel undertook to· force the construction of the appraisement clause upon the defendant and the appraisers, and that the refusal of one or more of the appraisers to act under this erroneous construction unjustly delayed the completion of the appraisement. We express no opinion upon the question whether the counsel's advice was or was not correct. It is· sufficient.to say that the appraisers were not concluded in the performance of their work by the opinion of the plaintiff's counsel. They could have disregarded his opinion and proceeded with their work; leaving the questions of law to the determination of a proper tribunal, whenever presented. It is not necessary to review any other questions than those which have been considered in this opinion, to necessitate the reversal of the judgment.

The judgment and order are reversed and a new trial granted. All concur.