ROQUES v. CONTINENTAL CASUALTY CO.

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)
(October 6, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

S. S. Goldman, of New Orleans, attorney for plaintiff, appellee.

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The interesting question presented by this appeal involves the meaning of the phrase "arise and accrue" as employed in Act No. 172 of 1908, which, so far as it is pertinent to this discussion, provides:

"That all * * * life * * * insurance companies * * * shall, annually give a bond in favor of the State of Louisiana * * * in the full sum of twenty thousand dollars ($20,000.00) * * * conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond by virtue of any policy issued by any such corporation upon the life or person of any citizen of this State * * * and such bond shall be annually renewed, and the old bond will become canceled by the acceptance of the new bond by the State Treasurer. * * * Provided that no bond shall be canceled, or withdrawn unless a new bond has been substituted as above provided, or satisfac-

tory evidence has been submitted to the insurance department that the company has discharged all of its obligations and liabilities in this State, and that it has no liabilities whatever outstanding in this State."

The plaintiff, Mrs. Alexine L. Roques, the beneficiary of an insurance policy issued on June 17, 1923, by the Southern Insurance Company, on the life of her husband, Constantine Roques, brings this suit against the Continental Casualty Company, surety on the bond of the Southern Insurance Company, issued in compliance with the act of 1908. Mr. Roques died in August, 1924. His policy provided that following his death his beneficiary would be paid $600 a year for seven years, in quarterly installments of $150 each, payable in March, June, September, and December. The company defaulted on the payment due March, 1930, and, after obtaining judgment by default against the insurance company for the amount of this quarterly installment, suit was brought against the Southern Insurance Company's surety, the Continental Casualty Company, on a bond which it had given pursuant to the terms of the act of 1908.

The suit is defended upon the ground, first, that, according to the terms of the act of 1908, the bond is given for the benefit of citizens of this state, and that the petition fails to allege that the assured, Constantine Roques, was a citizen of the state, and there is no proof in the record to that effect. However, we find that the policy itself, which has been offered in evidence, without objection, shows that the company dealt with Roques as a citizen, and, in the absence of any proof to the contrary, we believe this showing to be sufficient.

We pass now to the second and more serious point, to the effect that the stat-ute, which, of course, must be read into the bond given by defendant, does not obligate this defendant to pay this claim, because the claim did not arise and accrue during the term of the bond issued by the defendant company, but prior thereto, at the date of the death of Roques in August, 1924, something more than five years before the execution of the bond by defendant. Turning to the statute, we find the condition of the bond to be for the "prompt payment of all claims arising and accruing to any person during the term of said bond * * * and such bond shall be annually renewed and the old bond will become canceled by the acceptance of the new bond by the State Treasurer. Provided that no bond shall be canceled, or withdrawn unless a new bond has been substituted as above provided. * * *" In view of the admission that this bond had not been canceled in the manner provided for its cancellation in the statute, we are of opinion that it was in force on March 31, 1930, the date on which the default on the payment of the quarterly installment occurred, notwithstanding the fact that it is called an annual bond and was given in February, 1929, more than a year before the default. But did the claim "arise and accrue" during the term of the bond? It will be recalled that Roques died in August, 1924, and possessed of a policy issued in June, 1923, which was in default in March, 1930. It is the contention of counsel for defendant that the claim arose and accrued at the time of Roques' death in 1924, and that whatever claim his beneficiary may have must be asserted against the surety on some precedent bond then in force.

In Bouvier's Law Dictionary we find that "accrue" means: "To rise, to happen, to come to pass; as the statute of limitation does not commence running until the cause of action has accrued. 1 Bouvier.

Inst. n. 861; Scheerer v. Stanley, 2 Rawle (Pa.) 277; Braddee v. Wiley, 10 Watts (Pa.) 363; Bacon Abr. Limitation of Actions (D, 3)."

Accrue also means, according to this authority:

"To be added to, as the interest accrues on the principal. Accruing costs are those which become due and are created after judgment; as the costs of an execution. See Johnson v. Ins. Co., 91 Ill. 95, 33 Am. Rep. 47. * * *" "Cause of action accrues when a suit may first be legally instituted upon it. U. S. ex rel. Louisville Cement Co. v. Interstate Commerce Comm., 246 U. S. 644, 38 S. Ct. 408, 62 L. Ed. 914, citing Amy v. Dubuque, 98 U. S. 474, 25 L. Ed. 228; U. S. v. Taylor, 104 U. S. 216, 26 L. Ed. 721; Rice v. United States, 122 U. S. 617, 7 S. Ct. 1377, 30 L. Ed. 793."

In Ballentine's Law Dictionary we read:

"In its generally accepted sense, the word means to be added or attached to something else; as accrued interest on a principal sum. See Johnson v. Humboldt Insurance Co., 91 Ill. 92, 33 Am. Rep. 47. "As applied to a cause of action, the word means to arrive; to commence; to come into existence; to become a present and enforceable demand. See Eising v. Andrews, 66 Conn. 58 (33 A. 585) 50 Am. St. Rep. 75."

In 1 Words and Phrases, Second Series, page 267, we find the following:

"The word 'arise' is used in various senses with the words 'begin, mount, appear, happen, proceed from, exist.' It has not the same significance as the word 'accrue,' which signifies 'result, add, acquire, receive, benefit.' A cause of action, 'arises,' * * * when the obligation was created which gave rise to a right of action as soon as such right accrued thereon, Doughty v. Funk, 84 P. 484, 486, 15 Okl. 643, 4 L. R. A. (N. S.) 1029."

In Moran v. Moran, 144 Iowa, 451, 123 N. W. 202, 30 L. R. A. (N. S.) 898, it was held:

"That a cause of action 'accrues' when by maturity of the note and default in payment the holder may sue thereon, but it 'arises' and has its origin in the transaction which brought the obligation into existence, the two words not being synonymous. * * *" Syllabus.

In United States Fidelity & Guaranty Co. v. Fultz, 76 Ark. 410, 89 S. W. 93, 94, the court was considering a statute almost in the identical terms as the one before us, viz.:

"Sec. 4124. All fire, life and accident insurance companies * * * in this state shall * * * annually give a bond to the state of Arkansas, with not less than three good and sufficient sureties to be approved by the Auditor of the state, in the sum of twenty thousand dollars, conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond by virtue of any policy issued by any such company, individual or corporation upon the life or person of any citizen of the state or upon any property situated in this state, and such bond shall be annually renewed. * * *"

It was held in that case that a claim on a fire policy arises and accrues within the meaning of the statute, and of a bond issued in compliance therewith, when the loss by fire occurs, though the policy postpones the time of payment of loss for sixty days after furnishing proofs of loss, the court citing with approval the following from the opinion of the United States Circuit Court of Appeals for the Eighth Circuit, in the case of Union Central Life Insurance Co. v. Skipper, 115 F. 69, 72, 52 C. C. A. 663:

"We may either assume that the word 'and' is used in the statute, as it frequently is, in a disjunctive sense, and that the legislature intended to make the obli-

gors in such bonds as the one sued upon liable for any loss where either the death occurs, or the loss becomes payable, by the terms of the policy, during the lifetime of the bond. Or we may assume that the words 'arising and accruing' mean the same thing; one word being used as explanatory of the other; the intent being to say that the obligors in such bonds shall be liable to pay all losses that 'arise or accrue' by reason of deaths which occur during the period covered by the bond. We incline to the opinion that the latter is the correct interpretation of the statute, and that the time when a death occurs fixes the liability on this class of bonds."

As we have seen, the terms "arise and accrue" have different meanings. In fixing the liability of the surety, was it the intention of the Legislature to limit the obligation of the surety to such claims as had both arisen and accrued? For example, a claim might be said to have arisen when Roques died in 1924 and to have accrued when default was made in the December payment, under the terms of the policy, in 1931, seven years later. In the meantime the surety upon the 1924 bond would have been discharged, or, if the discharge did not relieve it of liability for claims which arose and accrued during its term, no recovery could be had against this surety, because the claim arose but did not accrue during the term of the bond. Nor could there be recovery as against the 1930 surety, because the claim did not arise during the term of that bond. Therefore neither surety would be liable, because the claim did not arise and accrue during the term of either bond. Little protection would be afforded policyholders under this interpretation of the statute, for the reason that we suspect but few claims would arise and accrue during the space of one year, the term of the bond. We are of opinion, therefore, that the word "and" in this clause is not employed in a conjunctive sense, but was intended to be under-

stood as disjunctive and in the sense of "or," so that the obligation of the surety would be to pay unsatisfied claims which had either arisen or accrued. This was the interpretation placed upon this clause in the last-cited case by the United States Circuit Court of Appeals (Union Central Life Insurance Co. v. Skipper, supra), from which we quote:

"If the words 'arising and accruing,' as used in this bond, are construed as meaning something different,—for example, if the word 'arising' means when death occurs, and the word 'accruing' means when the loss, by the terms of the policy, becomes payable,—and if it be true that a loss must both arise and accrue within the lifetime of the bond, to render the obligors therein liable, then it is obvious that it would often happen that losses would occur under policies which would not be within the terms of any bond, because they would not both arise and accrue while it was in force. * * * The legislature cannot be presumed to have intended such a result, and this is a sufficient reason for rejecting the construction contended for, and seeking for some other which is more reasonable and more in harmony with the presumed intention of the lawmaker. * * * We cannot assent to the view that these words refer to different events,—the one to the death of the insured, and the other to the time the loss is payable by the terms of the policy,—and that both of these events must occur during the life of a bond, to render the obligors therein liable. The lawmaker, in our judgment, had no such purpose in view when the statute was framed."

Our conclusion, therefore, is that the Legislature intended to secure policyholders whose claims were unsatisfied, and which had either "arisen or accrued" during the term of the annual surety bond required by Act No. 172 of 1908.

For the reasons given, the judgment appealed from is affirmed.

JANVIER, J., takes no part.