**JOE E. FREUND, INC.,**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

**Civ. A. No. 10750.**

United States District Court
W. D. Louisiana,
Monroe Division.

Feb. 18, 1966.

George M. Snellings, Jr., McHenry, Snellings, Breard, Sartor & Shafto, Monroe, La., for plaintiff.

R. L. Davis, Jr., Theus, Grisham, Davis, Leigh & Brown, Monroe, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

RULING ON MOTION TO DISMISS UNDER RULE 12(b)

This action was brought by Joe E. Fruend, Inc., a Louisiana corporation, against Insurance Company of North America, a Pennsylvania corporation, duly qualified to do business in Louisiana, on a certain contract of insurance. The complaint alleges loss and damage to property covered under the contract in an amount in excess of $10,000.

Plaintiff alleges it has sustained loss and damage to its machinery and equipment as the result of the sinking, on November 3, 1962, of a barge transport-

ing it, in the Yazoo River, in the State of Mississippi, and seeks recovery from the defendant under their Machinery and Equipment Floater Policy.

It appears that the defendant promptly investigated the casualty, and, on November 16, 1962, denied coverage to the plaintiff. Thereafter, on January 31, 1963, plaintiff filed a written Proof of Loss with defendant in the amount of $127,855. Defendant apparently had not responded in any manner until after the institution of this action.

Plaintiff, on March 27, 1963, proceeded in Admiralty against an alleged tortfeasor in the casualty of November 3, 1962, claiming a total of $212,055, representing the amount of damage to the machinery and equipment and consequential damages, such as loss of revenues during the time required to repair or replace the damaged items. This action in Admiralty was settled on January 4, 1965, with the third party, who, upon paying the sum of $100,000, received from plaintiff a full release of all claims which might arise out of the casualty.

Immediately thereafter, on January 5, 1965, plaintiff instituted this action claiming the sum of $74,880, which represents the loss and damage sustained and alleged to be covered under the policy here in issue, less a credit for that portion of the amount collected from the third party attributable to that loss. To sustain its action, plaintiff seeks a reformation of the insurance contract with respect to a certain exclusion contained therein, asserted to be the result of a mutual mistake. It is apparent that defendant originally denied coverage on the basis of this exclusion.

Defendant's motion to dismiss the action under Rule 12(b), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted, is the object of our determination. Upon careful consideration we have concluded that defendant's motion should be granted and the suit dismissed.

The defendant has raised two grounds for dismissal. First, it urges that by compromising and releasing the tortfeasor, the plaintiff has destroyed defendant's asserted right of subrogation which would preclude recovery against it. Second, defendant urges the passing of twelve months from the occurrence giving rise to the claim prior to the commencement of this action, in bar thereof under the terms of the contract.

■ The first ground presents a rather thorny problem of Louisiana law [1] while the second is clearly and independently dispositive of the case. For that reason we find it unnecessary to rule on the subrogation issue and proceed directly to decision on the issue of limitation of action.

■ The basic law governing the insurance contract in Louisiana is the Insurance Code, La.R.S., title 22. The provision dealing specifically with the limitation of the time in which an action may be brought upon an insurance contract such as the one presented here is La.R.S. 22:629, which provides:

"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:

\*   \*   \*   \*   \*

"(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code."

---

1. It seems to be well settled in Louisiana that an insurer is entitled to be subrogated to the rights of its insured after payment of the latter's claim and that the insured who gives an effective release to the tortfeasor, thereby destroying the insurer's right of subrogation, loses his right of action under the policy. It also appears that certain acts by the insurer may constitute a waiver of its subrogation rights, or amount to an estoppel to claim subrogation in a particular case. See Polk Chevrolet Co. v. Salario, 132 So. 2d 115 (La.App. 1st Cir. 1961). See also Annot. 38 A.L.R.2d 1095; Annot. 16 A.L. R.2d 1261.

Thus the validity of the clause in the policy fixing the time in which an action may be brought thereon cannot be doubted. See e. g., Finkelstein v. American Ins. Co., 222 La. 516, 62 So.2d 820 (1952). The clause provides:

"12. SUIT AGAINST COMPANY. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim  *  *  *."

■ It is difficult to conceive of an argument to the effect that the 12 month period has not accrued in this case, and indeed, the plaintiff makes none. Rather, it bases its contention on the assertion that its action is not one under the policy as contemplated by the terms thereof, but that its action is one for *reformation* of the certain exclusionary provision only, which prescribes in ten years under La. Civil Code art. 3544 (1870).[2]

Conceding the applicability of a ten year prescriptive period to an action for reformation of the terms of a contract, we fail to perceive how this proposition can avail the plaintiff. Even if it were successful in correcting what it believes to be a mutual mistake (or other cause for reformation) concerning the exclusionary clause under attack, it would still find that its action for recovery of money as indemnity for a loss suffered as a result of an occurrence insured against has long since been pre-empted by a term of the contract it has not sought to reform, namely, the twelve month limitation of actions upon the policy. Coincidentally, it would appear that we would not have jurisdiction over the asserted action for reformation of the term of the policy respecting the exclusion since the value of the claim would be far less than the requisite jurisdictional amount, in view of the untimeliness of action under the policy.

We have examined with great particularity all authorities cited by plaintiff in support of its position, and find nothing therein which bears upon the correctness or appropriateness of our ruling. In cases such as Turner v. Bankers & Shippers Ins. Co., 187 So. 122 (La.App.Orl. Cir.1939), there were factors not even alleged to be present in the case before us. In *Turner,* for example, the plaintiff's automobile was damaged in collision and the insurer endeavored to adjust a loss it clearly owed. After the insurer paid for certain repairs, the plaintiff became dissatisfied with the repairs effected, and the insurer promised to repair the damaged upholstery in addition. The plaintiff's action for the cost of repairing the upholstery more than 12 months after the occurrence was found timely, as "the admission of liability under the policy operated as a waiver by the company of the contractual limitation inserted in the policy and its subsequent denial of responsibility for the damage to the upholstery of the automobile does not have the effect of reviving the policy stipulation." 187 So. at 126.

In the case here presented we are unable to find waiver, estoppel, or any interruption of the prescriptive period. It is not disputed that the defendant made no reply or representation to the plaintiff beyond its written denial of coverage on November 16, 1962. It appears to us that plaintiff instituted this action as an afterthought, only after it became apparent to it that the compromise settlement with the third party tortfeasor would not completely indemnify it for its loss.

We find additional support for our decision in Moore v. Motors Ins. Corp., 152 So.2d 404 (La.App. 1st Cir. 1963), where, after an acccident on February 12, 1960, the plaintiff stored his automobile and proceeded against a third party tortfeasor, completely ignoring his collision

2. Article 3544 provides: "In general, all personal actions, except those before enumerated, are prescribed by ten years."

Article 3544 applies to an action for reformation of a deed. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957).

134

insurer, the defendant. After he obtained a judgment which was paid by the tortfeasor, he instituted an action against defendant, on May 10, 1961, for the damages to his automobile. The court, in rejecting his demands, found that the plaintiff's "waiting until more than one year had elapsed from the date of the accident to filing of the present suit against the defendant, permitt[ed] the tolling of prescription * * *." 152 So.2d at 407. We are unable to discern any legal justification for the plaintiff's having delayed the filing of the suit here under consideration for a length of time so greatly in excess of that allowed under the unequivocal terms of the contract and the very liberal jurisprudential constructions thereof. See e. g., O'Neal v. American Equitable Assur. Co., 162 So.2d 384 (La.App.2d Cir. 1964). See also 20A Appleman, Insurance Law and Practice § 11612 (1963).

For the reasons assigned the defendant's motion to dismiss the action is granted; and an appropriate decree should be presented.