**JOE E. FREUND, INC., Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

**No. 23549.**

United States Court of Appeals Fifth Circuit.

Jan. 6, 1967.

Rehearing Denied Feb. 10, 1967.

George M. Snellings, Jr., and McHenry, Snellings, Breard, Sartor & Shafto, Monroe, La., for appellant.

R. L. Davis, Jr., and Theus, Grisham, Davis, Leigh & Brown, Monroe, La., for appellee.

Before BROWN, BELL, and DYER, Circuit Judges.

PER CURIAM:

This appeal involves a suit on or a suit to reform an inland marine, so-called "All Risk", policy of insurance containing a one-year time limitation of suit clause valid under Louisiana law. Finkelstein v. American Ins. Co., 1952, 222 La. 516, 62 So.2d 820. The accident occurred on November 2, 1962, when a barge carrying the Assured's machinery and equipment in the tow of a contract carrier sank in the Yazoo River in Mississippi. Within two weeks, the Insurer, pursuant to a policy exclusion, declined liability for marine losses except when the property is in the custody of a common carrier. The Assured cargo owner nevertheless filed a written proof of loss with the Insurer and then pursued the cargo carrier, settling the libel on January 4, 1965, for $100,000. The next day the Assured, after a lapse of more than two years, instituted suit against the Insurer asserting the theory of reformation, not a suit on the policy as such. The District Court dismissed the suit for failure to state a claim under F.R.Civ.P. 12(b) because, in effect, the action was not brought within the time required in the policy either as originally expressed or as it would have been were it reformed.

We agree with the disposition of this case by the District Court. See Joe E. Freund, Inc. v. Insurance Co. of North America, W.D.La., 1966, 261 F.Supp. 131. Nothing in Fellman v. Royal Ins. Co., 5 Cir., 1911, 184 F. 577, compels a different result.

Affirmed.