The **AETNA CASUALTY & SURETY CO.**, Defendant, Appellant,

v.

Conrad **BELL**, Jr., Plaintiff, Appellee.

No. 6862.

United States Court of Appeals
First Circuit.

March 11, 1968.

---

with the amount Aetna was willing to pay, Bell brought suit in the district court for the District of Puerto Rico. The case was tried to the court, and resulted in a finding for Bell. 252 F.Supp. 281. Aetna appeals.

The first question is whether the suit was timely. The policy provides that suit must " * * * be commenced within twelve months next after the time a cause of action for the loss accrues." Admittedly this provision was valid under the law of New York, where the contract was made and the plaintiff resides, N.Y.CPLR, § 201, and the law of Puerto Rico, 26 L.P.R. § 1119(1) (c).[1]

Before repair started, both parties had surveys made of the damage and the estimated costs of repairs, the larger of which was slightly over $6,000. Thereafter, as the work progressed, the yard rendered bills, for which Bell was reimbursed by the insurer. By midsummer, while work was still progressing, Aetna had so paid $5,000. As to what happened thereafter we find the testimony less than clear, but in any event in December 1960 the yard presented its final bill. Bell forwarded the bills to Aetna, which announced them grossly excessive, a view subsequently shared by Bell's own expert. At some undisclosed date the yard brought suit, but accepted a reduced amount. From time to time the parties discussed settlement, and in March 1962 Bell instituted suit.

Joseph J. Magrath III, New York City, with whom Hernan G. Pesquera and Geigel, Silva & Pesquera, San Juan, P. R., were on brief, for appellant.

Gustavo A. Gelpi, Santurce, P. R., with whom Harvey B. Nachman and Nachman, Feldstein, Laffitte & Smith, San Juan, P. R., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

### ALDRICH, Chief Judge.

Defendant Aetna Casualty & Surety Co., a Connecticut corporation, insured the yacht SCAMPI under a policy of marine insurance. In February 1960, as a result of a grounding in the British West Indies, the SCAMPI suffered damage, but remained sufficiently seaworthy to proceed. Plaintiff Bell, the owner, with defendant's approval, selected a yard in Puerto Rico for repairs. A dispute thereafter arose between the parties, not as to what Bell was billed by the yard, but whether the charges were substantially beyond what was reasonable, and whether, if so, they were beyond Aetna's obligation. Dissatisfied

With regard to the timeliness of suit, the court found that the cause of action accrued when, in January 1962, Aetna stated it would pay no more than the additional "$2,500. [it] * * * had offered to pay some time before * *." Apart from the fact that this failed to identify the earlier date, which may be of importance, this was a considerable oversimplification. It cannot be, if this

1. The New York law should apply in any event. See Hartford Accident & Ind. Co. v. Delta & Pine Land Co., 1934, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178; Home Ins. Co. v. Dick, 1930, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926; Maryland Cas. Co. v. San Juan Racing Assoc., Inc., 1961, 83 P.R.R. 538. But see Clay v. Sun Ins. Office, Ltd., 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229.

is what the court suggested, that the cause of action accrues only when settlement talks break down. This would make the policy limitation close to meaningless.

 In addition to the time-for-suit clause, the policy provided,

> *"Payment of Loss*—In case of loss, such loss to be paid in thirty (30) days after proof of loss * * *."

It is commonly held that a cause of action does not accrue, and consequently that a contractual period of limitations based on accrual does not begin to run, until a required proof of loss has been furnished and the 30-day period has passed, or the insurer rejects the claim. Steen v. Niagara Fire Ins. Co., 1882, 89 N.Y. 315. At least accrual would be postponed so long as the delay in submitting proof was reasonable, or was agreed to.[2] Barnum v. Merchants' Fire Ins. Co., 1884, 97 N.Y. 188. The court made no findings as to when proof was submitted nor, if it was not, whether, as we strongly suspect, it was waived, and if so, when that occurred.[3] Nor did the court make findings which permit us to assay Bell's oral argument in this court (made, we may remark, on a broad basis not supported by the decisions— see Gibson Electric Co. v. Liverpool & London & Globe Ins. Co., 1889, 159 N.Y. 418, 54 N.E. 23; Allen v. Dutchess County Mut. Ins. Co., 1904, 95 App.Div. 86, 88 N.Y.S. 530), that the company waived the time-for-suit clause. Under these circumstances we must send to know whether the clause applied, and if so, whether it tolled for Bell.

 If on remand the court should find that suit was timely brought, there would still be the issue of damages. The defendant makes a number of evidentiary criticisms, which we need not discuss since there must be a new trial in any event. We must agree with Aetna that the court acted simply as an adding machine with respect to Bell's bills and expenses, and made no attempt to determine what was the fair value of the repair made necessary by the injury to the vessel. The policy pays for loss, and not for bills without regard to their reasonableness. While the burden is on the insurer to demonstrate that repair charges incurred were excessive, in the case at bar the company made a substantial showing, and we find it apparent that the court failed to consider this as an issue.

The findings and judgment of the District Court are vacated and the cause remanded for a new trial.

---

2. There was apparently some such agreement here, but it is entirely unclear how much postponement it contemplated. On the other hand, pendency of the law suit would not excuse the submission of proof since, as we point out infra, the amount of recovery is not the measure of the loss.

3. Proof, within the policy provision, means reasonable evidence of the loss and its amount. When such has been submitted, or the company waives submission—a matter relatively easily found—the cause of action accrues.