**AMERICAN MARINE CORPORATION,
Plaintiff-Appellant,**

v.

**CITIZENS CASUALTY COMPANY OF
NEW YORK, Defendant-Appellee.**

**No. 30011.**

United States Court of Appeals,
Fifth Circuit.

May 28, 1971.

Karl E. Boellert, New Orleans, La., for plaintiff-appellant; Milling, Saal, Benson, Woodward & Hillyer, New Orleans, La., of counsel.

Claire Loeb, Loeb, Dillon & Livaudais, New Orleans, La., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

On December 25, 1965 the tank barge *Bayou Queue* stranded and partially sank

in the Mississippi River south of Memphis, Tennessee. Shipowner[1] shortly thereafter notified the Underwriter[2] of the loss and successful salvage operations were undertaken by Underwriter for which it paid out approximately $25,000 in sue and labor expense. On August 2, 1968 Shipowner submitted formal proof of loss as required by the terms of the policy. In turn, Underwriter advised that the incident was still being investigated and that no decision had been made respecting payment of the claim. This suit was initiated on December 31, 1968, a little more than 3 years after the loss.

Underwriter's defense was grounded primarily on the contention that recovery was barred by a policy provision requiring suits to "be commenced within twelve (12) months next after the time a cause of action for the claim accrued."[3] The District Court granted Underwriter's motion for summary judgment. Holding that the claim is not barred by the policy provision, we reverse and remand for the Trial Court's consideration of whether the formal proof of loss was filed in a reasonable time in the light of equitable principles of laches and otherwise whether Underwriter suffered any harm from Shipowner's failure earlier to have filed the triggering formal proof of loss.

Essentially, the issue presented is what event or events constituted the accrual of a cause of action within the meaning of the policy terms. Underwriter invites us to construe some rather ambiguous language to mean that Shipowner's cause of action accrued on the date of loss. But the terms "loss" and "cause of action for the claim" are not necessarily equivalent. Unlike similar policy provisions in which the contractual limitation explicitly runs from the happening of the event which constituted the casualty,[4] the present situation involves a limitation measured from the inception of Underwriter's legal liability to suit.

■ Since Shipowner could not have successfully initiated suit prior to its submission of proof of loss and expiration of the policy's 30-day adjustment period, it had no "cause of action" in any comprehensible sense until these things had occurred. Clearly the one-year limitation must therefore be computed so as to have commenced 30 days after proof of loss was received by Underwriter. Aetna Casualty & Surety Co. v. Bell, 1 Cir., 1968, 390 F.2d 612, 614. The action is accordingly well within the policy's time limit.

■ Underwriter then urges that, apart from the contractual limitation, the suit is somehow barred by laches. But the mere passage of time—even, as here, a considerable amount of time—will not automatically perfect a claim for such an equitable bar. As we have frequently had occasion to repeat, "laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has sub-

---

1. A division of appellant American Marine Corporation.

2. Citizens Casualty Company.

3. "TIME FOR SUIT. It is a condition of this Policy that no suit, action in admiralty, or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after the time a cause of action for the claim accrued. Provided, however, that if by the laws of the State or jurisdiction within which this Policy was issued such limitation is invalid, then such action, suit, or proceeding for the re-

covery of such claim hereunder shall be commenced within the shortest limit of time permitted, by the laws of such State or jurisdiction, to be fixed herein."

We accept the parties' contentions that the interpretation of this provision is governed by Louisiana law.

4. In Joe E. Freund, Inc., v. Insurance Company of North America, 5 Cir., 1967, 370 F.2d 924, the policy limitation was measured from the "occurrence which gives rise to the claim." And in Gremillion v. Travelers Indemnity Co., 1970, 256 La. 974, 240 So.2d 727, 730, the starting point was the "inception of the loss."

jected him to a disadvantage in asserting and establishing his claimed right or defense." Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 1958, 261 F.2d 861, 865, 1959 A. M.C. 148; Vega v. The Malula, 5 Cir., 1961, 291 F.2d 415, 1961 A.M.C. 1698. In light of Underwriter's actual—almost immediate—knowledge of the loss, as evidenced by its direction of salvage operations and close communication with Shipowner, and in the absence of any showing thus far that Underwriter has suffered prejudice in not being able to assert some defense which has been lost by time, this would obviously be an almost impossible burden to sustain.

■ However, there is at least a hypothetical possibility that Underwriter might be able to show that an unreasonably late filing of the proof of loss, rather than a delay in filing suit, caused it harm. Since the policy contained no express time limitation, the Trial Court must determine from an analysis of all the surrounding facts and circumstances whether the proof of loss as actually filed was filed within a reasonable time.

Of course, what is a reasonable time depends upon the situation in this record —a record revealing positively that Underwriter knew of the loss, accepted serious sue and labor responsibilities and paid out large sums in the salvage. At no time did it even suggest the existence of any defense. And it has not yet even begun to whisper a suggestion of a possible defense which was lost by the delay in filing the formal paper. If in the light of these equitable considerations the Trial Court finds the actual filing was reasonable—i. e., not productive of harmful consequences—then the inquiry ends there. If it was not, the Court must then go on to determine the latest date on which the proof reasonably should have been filed and, taking into account the 30-day adjustment period, whether the suit was thereafter initiated within the policy's one-year time limitation.

From the briefs and argument we think Underwriter already knew all it would learn from the formal proof of loss. But it should have an opportunity if it desires to prove genuine harm by showing that a defense to the merits was lost or prejudiced by Shipowner's unreasonable delay. Delgado v. The Malula, 5 Cir., 1961, 291 F.2d 420, 1961 A.M.C. 1706. We therefore remand for this limited purpose and other consistent action.

Reversed and remanded.