353 So.2d 401 (1977)
Dorothy Sellers GRICE
v.
AETNA CASUALTY AND SURETY CO.
No. 8400.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearing Denied January 11, 1978.
Writ Granted February 24, 1978.
*402 Lawrence J. Duplass, Trial Atty., Johnston & Duplass, New Orleans, for Aetna Cas. and Sur. Co., defendant-appellee.
Floyd J. Reed, J.D., Trial Atty., Reed, Reed & D'Antonio, Metairie, for Dorothy Sellers Grice, plaintiff-appellant.
Before REDMANN, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
The plaintiff-owner of a policy of theft insurance appeals a summary judgment dismissing his suit as untimely because it was brought more than 12 months after the loss occurred in violation of restrictive policy provisions.
Both parties filed affidavits and we find that there is no genuine issue of a material fact. The facts are that the theft occurred on January 31, 1973; that the policy was in effect at the time of the theft, and the petition was not filed in the office of the Clerk of Court until September 12, 1974. The policy is a Home-Owners policy issued by the Aetna Casualty & Surety Company insuring Mrs. Dorothy Sellers Grice against a number of perils, including fire, theft, wind-storm, etc. It contains the following provisions relating to limitation of time for filing suit:
"No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity unless all of the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."
* * * * * *
"The terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."
Clearly, suit was not brought within 12 months after date of loss, but the question posed for our consideration is whether the limitation provisions are themselves in compliance with the prohibition contained in the Louisiana Insurance Code, R.S. 22:629. That statute reads in pertinent part:
"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
* * * * * *
"(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.
"B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."
Simply put, the question is, does the policy limitation period "after inception of the loss" mean the same thing as the statutory requirement "from the time when the cause of action accrues"? If the cause of action "accrues" later than the "inception of the loss" then the two provisions are inconsistent and the policy's shorter limitation is void.
First we note that the policy provision is that required to be contained in the standard fire policy under the provisions of R.S. 22:691. There is now no doubt but that such a provision is valid and indeed necessary in a fire insurance policy. See Gremillion v. Travelers Indemnity Company, 256 La. 974, 240 So.2d 727 (1970); P.O.P. Construction Company v. State Farm Fire & Casualty Company, 328 So.2d 105 (La.1976); Gambino Industries, Inc. v. Security Insurance Company, 333 So.2d 759 (La.App. 4th 1976). For fire policies, there is no conflict between Sections 629 and 691 because Subsection A(3) specifically excepts other provisions in the Code. We find no similar exceptions in relation to theft coverage, and *403 theft policies are governed only by the provisions of Section 629, when the cause of action accrues.
A cause of action does not "accrue" until the suit may be legally instituted upon it, that is when it becomes immediately enforceable: Roques v. Continental Casualty Company, 17 La.App. 465, 135 So. 51, 52 (1931) in which the court cited Bouvier's and Ballentine's Law Dictionaries: see also Black's Law Dictionary, 4th Ed. p. 37. Under our policy, suit for a loss may not be legally instituted and payment for the loss is not enforceable until at least 60 days after the loss. Accordingly, the cause of action does not accrue until at least 60 days after the loss. We hold therefore that the cause of action does accrue later than the inception of the loss and that R.S. 22:629 therefore voids (in respect, at least, to insurance not within the standard fire policy,) the policy's limitation of action to 12 months from inception of loss.
Since there is no valid limitation in the policy for theft losses, and § 629 does not limit filing of suit, but simply prohibits a lesser limitation than one year from the time when the cause of action accrues, the statutory contractual limitation of ten years applies. Louisiana Civil Code 3544. The suit for recovery of theft loss is timely brought.
The summary judgment dismissing this suit is reversed and the case is returned to the trial court for further proceedings.
REVERSED.