360 So.2d 528 (1978)
John Elbert STROUD, Plaintiff-Appellant,
v.
NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendant-Appellee.
No. 13566.
Court of Appeal of Louisiana, Second Circuit.
June 5, 1978.
Sanders & Castete, Ltd. by Herman A. Castete, Winnfield, for plaintiff-appellant.
Davenport, Files, Kelly & Marsh by Mack J. Marsh, Monroe, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
Plaintiff commenced this action to recover the value of a tractor more than three years after the date it was destroyed by fire. The issue in this case is whether plaintiff's action is barred by the provisions of the contractor's equipment insurance policy issued by defendant. The district court held the action was not timely and granted summary judgment dismissing plaintiff's suit. We affirm.
The policy provision in question provides:

*529 "18. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Assured of the occurrence which gives rise to the claim. Provided, however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state to be fixed herein."
Plaintiff contends the policy provision is invalid because it conflicts with LSA-R.S. 22:629 which provides:
"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
* * * * * *
(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code."
Plaintiff relies on Grice v. Aetna Casualty and Surety Co., 353 So.2d 401 (La.App. 4th Cir. 1977). Grice involved a theft insurance policy which provided that no suit shall be sustained unless all requirements of the policy shall have been complied with and unless commenced within 12 months after inception of the loss. The policy also apparently contained conditions which made payment unenforceable until at least 60 days after the loss. The court held that the cause of action under the policy did not accrue until at least 60 days after the loss. Thus, the policy provision limiting commencement of the action to within 12 months after the "inception of the loss" conflicted with the minimum statutory period of one year from the time when the "cause of action accrues." The court held the policy limitation was void and the general 10-year prescription of LSA-C.C. Art. 3544 for suits on contracts was applicable.
Under the policy provisions involved in the instant case, the Grice case is not controlling. At the latest the cause of action accrued at the expiration of the total of 90 days stipulated in the policy for submission of proof of loss and payment of claim. Even if the requirement that suit be commenced within 12 months after discovery of the loss is invalid as conflicting with LSA-R.S. 22:629, the alternative requirement that suit be commenced within the shortest period permitted by Louisiana law is valid and bars plaintiff's action. The shortest period allowed by the statute as applied to the facts and policy involved in this case would be one year and 90 days after the date of the loss. This suit was not filed until more than three years after the date of the fire and was not timely. In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. Suire v. Combined Insurance Company of America, 290 So.2d 271 (La.1974). See also Joe E. Freund, Inc. v. Insurance Company of North America, 261 F.Supp. 131 (W.D.La. 1966); affirmed 370 F.2d 924 (5th Cir. 1967), which applied an identical policy provision after considering its validity in relationship to LSA-R.S. 22:629.
Neither party argues the applicability of LSA-R.S. 22:691 requiring certain standard provisions in fire insurance policies and the applicability of that statute to this case is not considered.
The judgment is affirmed at appellant's costs.
Affirmed.