361 So.2d 1348 (1978)
Beulah H. LOUETTE, Plaintiff-Appellant,
v.
SECURITY INDUSTRIAL INSURANCE COMPANY, Defendant-Appellee.
No. 6605.
Court of Appeal of Louisiana, Third Circuit.
August 4, 1978.
Rehearing Denied September 25, 1978.
Landry, Poteet & Landry (John G. Poteet, Jr.), Lafayette, for plaintiff-appellant.
Normann & Normann by Frank S. Normann, New Orleans, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
Plaintiff brought this action individually and on behalf of a class seeking to recover benefits under a burial insurance policy issued by the defendant. The defendant filed exceptions of prescription and improper use of a class action. From a judgment dismissing the suit, plaintiff appeals.
Plaintiff is the beneficiary under a burial insurance policy issued on the life of Rosemary Henry. Under the terms of the policy, defendant agreed to furnish a specified funeral service for the insured upon receipt of proof of death. On November 3, 1976, the insured died with the policy being in full force and effect. The demand for benefits under the policy was timely made by plaintiff. Suit was instituted by the plaintiff on November 17, 1977, or more than one year after the death of the insured. Plaintiff's petition was styled as a class action seeking judgment for herself and *1349 other beneficiaries who had been denied benefits under the defendant's burial policies.
The policy of insurance issued by the defendant contains the following clause:
"LEGAL ACTION AND PRESCRIPTION: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with requirements of this policy. Nor shall any action at law or in equity be brought at all unless brought within one year from the date of loss or death. The sixty day period referred to in this clause during which time no action shall be brought to recover on this policy shall not extend the period during which such action must be brought."
The trial judge, in his reasons for judgment, found that under the terms of the insurance policy, plaintiff's action had prescribed as the suit was filed more than one year after the death of the insured. He also found that the use of the class action was not warranted under the circumstances.
The issues on appeal are whether the trial court erred by sustaining the defendant's plea of prescription and by finding that the use of the class action was improper in this case.

PLEA OF PRESCRIPTION
In the absence of a statutory prohibition, a clause in an insurance contract fixing a reasonable time to institute suit is valid, and such time limitation will be enforced against a beneficiary unless there is a legal basis for excusing compliance. Suire v. Combined Insurance Company of America, 290 So.2d 271 (La.1974) and cases cited therein.
We find such a statutory prohibition. LSA-R.S. 22:629 provides in pertinent part:
"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:

* * * * * *
"(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.
"B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."
This provision, contained in a chapter of the Louisiana Insurance Code dealing with insurance contracts in general, prohibits insurance policies from limiting the right of action against the insurer to a period of less than one year from the time when the cause of action accrues unless otherwise specifically provided for in the Insurance Code. It also mandates that any condition, stipulation or agreement in violation of this section shall be void.
The defendant in this case is an industrial insurer organized and functioning under the provisions of LSA-R.S. 22:251-260. These statutes to do not establish any limitation of time for bringing actions against industrial insurers. Since the Insurance Code does not otherwise specifically provide time limitations for industrial insurance policies such as the one here, we find that such policies are governed by the provisions of LSA-R.S. 22:629 A(3), supra.
Having found that the provisions of Section 629 A(3) govern, we must next consider whether the present policy contains a limitation period shorter than that provided by the statute. As stated previously, Section 629 A(3) prohibits insurance policies from containing a prescriptive period of less than one year from the accrual of the cause of action. The policy provision in this case provides that all actions are barred unless brought within one year from the date of loss or death. If the cause of action "accrues" later than the "date of loss or death", then the policy provision contravenes Section 629 A(3) and is void under Paragraph B of this Section.
*1350 A cause of action does not "accrue" until suit may be legally instituted upon it, that is, when it becomes immediately enforceable. Grice v. Aetna Casualty and Surety Company, 353 So.2d 401 (La.App. 4th Cir. 1977), reversed on other grounds, 359 So.2d 1288 (La.1978), rendered June 19, 1978; Roques v. Continental Casualty Co., 17 La. App. 465, 135 So. 51 (La.App.Orl.1931). Webster's Third New International Dictionary (1961 ed.) defines the term "accrue" in pertinent part as:
"to come into existence as an enforceable claim: vest as a right [a cause of action has accrued when the right to sue has become vested]."
In the present case, the policy prohibits institution of any action to recover benefits prior to sixty days after the proof of loss has been filed in accordance with the policy requirements; thus, suit to recover benefits cannot be legally instituted until at least sixty days after the proof of loss has been filed. Applying the definition of "accrue" as set forth above, plaintiff's cause of action does not "accrue" until at least sixty days after the loss or death. Since the policy provision applies a shorter time limitation on actions than that permitted by Section 629 A(3), we void the policy's limitation requiring actions to be brought within one year from the date of loss or death.
Having voided the policy's time limitation based upon the requirements of Section 629 A(3) and further observing that this section does not establish a maximum period for instituting suits, we conclude that the ten-year prescriptive period established in the Civil Code for contractual actions applies. LSA-C.C.P. art. 3544. Since this suit was instituted well within ten years, we find that the action for recovery of benefits under this burial insurance policy was timely filed.

USE OF THE CLASS ACTION
Appellant next urges the availability of the class action in this case. The trial judge, after discussing the prerequisites for a class action, ruled that the use of the class action was improper.
LSA-C.C.P. art. 591[1] authorizes only the true class action. Williams v. State of Louisiana, 350 So.2d 131 (La.1977), Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975), and LSA-C.C.P. art. 591, Official Revision Comment (c).
Under LSA-C.C.P. arts. 591(1) and 592,[2] parties seeking to bring a class action must meet the following requirements: (1) a class so numerous that joinder is impossible; (2) the joinder as parties to the suit one or more parties who are (a) members of the class, and (b) so situated as to provide adequate representation for absent members of the class; and (3) a "common character" between the rights of the representatives of the class and the absent members of the class. Williams v. State of Louisiana, supra; Stevens v. Board of Trustees of Police Pension Fund, supra.
The right to institute a class action is neither absolute nor without qualification. Plaintiff in a class action must allege and establish the existence of the factors which entitle him to bring suit in such a manner. McClure v. A. Wilbert's Sons Lumber and Shingle Company, 232 So.2d 879 (La.App. 1st Cir. 1970).
In support of the class action, plaintiff's petition contained the following assertion:
"Petitioner alleges that there is a large number of beneficiaries under Whole Life Funeral Policies issued by the defendant, who have wrongfully and illegally been *1351 denied benefits in contravention of LRS 22:253."[3]
Paragraph B of Section 253,[4] provides that if the beneficiary for any reason does not avail himself of the contractual services provided in the policy, he can recover a cash payment which cannot be less than 75% of the face amount of the policy.
The third requirement, necessary to maintain a true class action, is not met under the allegations and circumstances of this case. Plaintiff's allegations, at most, show that the only common right sought to be enforced is a recovery of benefits based on the defendant's refusal to pay under Section 253 B. Undoubtedly, the insurer will have different reasons for refusing to pay the benefits in each case. Other than mere denial of benefits allegedly due under Section 253 B, the common questions of law or fact do not exist. Accordingly, we affirm the decision of the trial court that the use of the class action was improper in this case.
For the above reasons, the judgment maintaining the exception of prescription and dismissing plaintiff's suit is hereby reversed and set aside. The sustaining of the exception for the use of the class action by the trial court is affirmed. The petition of plaintiff insofar as it relates to her personal demand is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] LSA-C.C.P. art. 591 provides:

"A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be join as parties, and the character of the rights sought to be enforced for or against the members of the class is:
"(1) Common to all members of the class; or
"(2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right."
[2] LSA-C.C.P. art. 592 provides:

"One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members."
[3] Plaintiff's interrogatories attached to the petition ask the following questions:

"Interrogatory No. 1
"Please state how long SECURITY INDUSTRIAL INSURANCE COMPANY has been writing Whole Life Funeral Policies?
"Interrogatory No. 2
"Have you ever refused to pay benefits in violation of LRS 22:253?
"Interrogatory No. 3
"If your answer to the above question is `yes', then pleas list the following information:
"A. Names of the insureds.
"B. Policy Nos. and amounts of insurance.
"C. Beneficiaries, their name, ages and addresses.
"D. Dates that benefits were requested and the amount paid, if any."
[4] LSA-R.S. 22:253, at the time this action was commenced read:

"A. Every funeral policy shall state the dollar value of the funeral to be furnished and shall specify therein those benefits which shall constitute the funeral to be furnished.
"B. If for any reason the beneficiary does not avail himself of the contractual services as set forth in the funeral policy, in lieu thereof, the policy shall provide for a stated cash payment, which shall not be less than 75% of the face amount of the policy."
Act 116, § 1 of the 1977 Legislature, effective January 1, 1978, amended Paragraph B to provide for a cash payment of not less than 100% of the face value of the policy.