**S.E.A. TOWING COMPANY, INC.,**
Plaintiff-Appellant,

v.

**GREAT ATLANTIC INSURANCE COMPANY, Defendant-Appellee.**

No. 82–3154
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1982.

Voorhies & Labbe, John Nickerson Chappuis, Lafayette, La., for plaintiff-appellant.

Goldstein & Price, Gary T. Sacks, St. Louis, Mo., for defendant-appellee.

Before BROWN, GEE and REAVLEY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

On March 4, 1979, the M/V MARK DAVID, owned by the plaintiff, S.E.A. Towing Company, Inc. (S.E.A.), sank like a piece of the rock at her moorings in Morgan

City, Louisiana. At the time of the sinking, the vessel was under a demise charter to R. J. Menard. The terms of the charter obliged Menard to insure the MARK DAVID for hull loss. Both Menard and S.E.A. were named assureds under a hull insurance policy issued by Great Atlantic Insurance Company (Great Atlantic).

On May 3, 1979, the charterer's representative forwarded to the underwriter, Great Atlantic, a proof of loss claim requesting payment under the policy. The defendant declined coverage under the policy. On November 13, 1980, twenty months after the sinking, S.E.A. filed suit to recover under the policy for the loss.

Great Atlantic moved for summary judgment on grounds that the action was barred by a policy provision requiring that any suit to recover under the policy be commenced within one year after the date of the physical loss. The District Court granted the motion and dismissed the complaint. We affirm.

We agree with the parties and the Court below that Louisiana state law should apply in interpreting the policy at issue here. *See Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955); *American Marine Corp. v. Citizen Casualty Co. of New York,* 447 F.2d 1328 (5th Cir. 1971) and *Port Arthur Towing Co. v. Mission Insurance Co.,* 623 F.2d 367 (5th Cir. 1980).

The policy prescribed a twelve-month period in which to bring suit which, if invalid, would be replaced by the shortest time permitted by the respective state law.[1]

■ Under Louisiana law, such limitation periods are valid and enforceable. *See*

*Suire v. Combined Insurance Co. of America,* 290 So.2d 271 (La.1974); *Stroud v. Northwestern National Insurance Co.,* 360 So.2d 528 (La.App. 2d Cir. 1978); *Joe E. Freund, Inc. v. Insurance Co. of North America,* 261 F.Supp. 131 (W.D.La.1966); *aff'd* 370 F.2d 924 (5th Cir. 1967). Such provisions are, however, subject to the limitations imposed by LSA–R.S. 22:629, which provides:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:

\* \* \* \* \* \*

(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.

S.E.A., relying on the literal language of § 629, contends that the limitation period of Great Atlantic's policy (*supra* note 1) is null and void. On that basis, S.E.A. urges that the ten-year prescriptive period provided by La. Civ. Code Art. 3554 be applied so that the suit, having been filed twenty months after the date of the sinking of the MARK DAVID, was timely. We reject this argument.

■ The assureds rely on *Grice v. Aetna Casualty & Surety Co.,* 353 So.2d 401 (La. App. 4th Cir. 1977) for the proposition that Great Atlantic's limitation period is invalid under § 629. *Grice,* however, may be distinguished on two grounds. First, the policy in *Grice* provided that suit for loss could not be legally instituted and that payment

---

1. [1] In case of loss, such loss to be paid in thirty days after satisfactory proof of loss and interest shall have been made and presented to this Company (the amount of any indebtedness due this Company from the assured or any other party interested in this policy being first deducted).

\* \* \* \* \* \*

It is a condition of this policy that [2] no suit, action or proceeding for the recovery of any claim for physical loss of or damage to the vessel named herein shall be maintainable in any court of law or equity unless the same be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or damage out of which the said claim arose. [3] Provided, however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein.
(Brackets inserted for ease of reference).

for loss was not enforceable until at least 60 days after the loss. This provision, combined with a one-year limitation period similar to that appearing in the policy in question here, left a plaintiff with but ten months in which to file suit on the loss. On that basis, the Court ruled that § 629 had been violated. Although Great Atlantic's policy does in effect give the insurer 30 days after receipt of a satisfactory proof of loss to make payment (*see* clause [1], *supra* note 1), there is no restriction on the right of the assured to file suit as in *Grice*. On that basis, *Grice* is inapplicable.[2]

*Grice* can be distinguished on a second ground. Unlike the policy discussed in *Grice*, the policy in question here contains a savings clause (*see* clause [3], *supra* note 1) extending the limitation period to the minimum period required by the applicable state law in the event the provisions violated state law. This brings into play *Stroud v. Northwestern National Insurance Co.*, 360 So.2d at 529, in which the Court held that an identical savings clause overcame § 629.

Because the policy involved in *Stroud* contains a savings clause but no initial waiting period, we agree with the District Court that *Stroud* should control here in the application of § 629 A(3). Under *Stroud*, the plaintiff here had at most one year and thirty days in which to file its suit. Because the District Court found that plaintiff missed the boat by failing to institute suit until twenty months after the date on which the MARK DAVID sank, its order granting defendant's motion for summary judgment was correct.[3]

AFFIRMED.

---

**2.** *Louette v. Security Industrial Insurance Co.*, 361 So.2d 1348 (La.App. 3d Cir. 1978), is even more restrictive, forbidding exclusion of the 60-day proof of loss period from the 12-month suit period.

**3.** With the sinking occurring March 4, 1979, proof of loss being filed on May 3, 1979, and

coverage formally declined on October 23, 1979, the suit on November 13, 1980 was untimely without the necessity for considering the distinctions recognized in *American Marine Corp. v. Citizens Casualty Co. of New York*, 447 F.2d 1328 (5th Cir. 1971).