423 So.2d 10 (1982)
MIDCO LOUISIANA CO.
v.
AQUATIC EQUIPMENT & ENGINEERING, INC., et al.
No. 82 CA 0099.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*11 Warren E. Byrd, II, Eric A. Kracht, Baton Rouge, for plaintiff-appellee Midco Louisiana Co.
James E. Moore, Arthur H. Andrews, Baton Rouge, for third party defendant-appellee Lincoln Ins. Co.
Ernest L. Parker, Lafayette, for defendant and third party plaintiff-appellant Aquatic Equipment & Engineering, Inc. and Bernard J. Packard, Sr.
Michael Landrum, Baton Rouge, for defendant-appellant Aquatic Equipment & Engineering, Inc.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
Plaintiff-appellee, Midco Louisiana Co. (Midco), leased four cranes, each under separate lease agreement, to defendant-appellant, Aquatic Equipment & Engineering, Inc. (Aquatic). In connection with these lease agreements, property damage insurance was obtained from Lincoln Insurance Company (Lincoln). On May 21, 1981, sometime after the leased equipment was returned by Aquatic, Midco filed suit against Aquatic and Lincoln alleging that Aquatic had returned Midco's equipment "each in a heavily damaged condition". Thereafter, Aquatic filed a third party demand against Lincoln, as its insurer. Lincoln, alleging that suit had been filed after the expiration of the prescriptive period contained in the contract of insurance, then filed a motion for summary judgment as to both Midco's main demand and Aquatic's third party demand. After a hearing, the trial court granted Lincoln's motions for summary judgment, and this present appeal was then taken by Aquatic only.
Aquatic's insurance policy with Lincoln contained a provision limiting the time in which suit could be brought on the insurance contract. In this regard, the policy provides as follows:
"No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law of equity unless the same be commenced within twelve (12) months next after discovery by the Named Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."
Initially we find that there exists no genuine issue of material fact. An affidavit executed by a former employee of Aquatic and filed by Aquatic in opposition to Lincoln's motion for summary judgment states that Aquatic notified its insurance agent of the damage done to each crane *12 within two weeks of the occurrence of such damage. The lease agreements in the record further show that Aquatic was not in possession of any of the leased equipment after January 16, 1979. Thus, the damage must have occurred and Aquatic must have been aware of that damage prior to January 16, 1979. This undisputed fact is controlling, as Aquatic's suit against its insurer, Lincoln, was not filed until May 21, 1981, at least two years and four months after its discovery of the occurrence which gave rise to the claim. In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. Suire v. Combined Insurance Company of America, 290 So.2d 271 (La.1974); Stroud v. Northwestern National Insurance Company, 360 So.2d 528 (La.App. 2nd Cir.), writ denied, 362 So.2d 575 (La.1978); Joe E. Freund, Inc. v. Insurance Company of North America, 261 F.Supp. 131 (W.D.La.1966); affirmed 370 F.2d 924 (5th Cir.1967).
Aquatic relies upon LSA-R.S. 22:629[1] in support of its contention that the limitation of suit clause is invalid. We find, however, that the policy provision at issue here is in compliance with rather than in conflict with LSA-R.S. 22:629. Nor have we found any other statutory provision which would prohibit the limitation clause in Lincoln's policy. Thus, we find that this limitation clause is valid and enforceable.
Aquatic next contends that it detrimentally relied upon Lincoln's previous actions in which its claims were duly processed and paid by Lincoln. Aquatic appears to argue that this reliance was sufficient to serve as an interruption of prescription. Even accepting Aquatic's statements of fact, contained in their countervailing affidavit, as true, that is, that their claims were lodged with Lincoln within two weeks after the occurrence and that Lincoln had previously paid claims made by Aquatic, we find that this is insufficient to interrupt prescription. In order to interrupt prescription, a party must have been prevented from filing suit by some willful or negligent conduct by defendant.[2] Aquatic does not allege that any willful or negligent action by defendant prevented it from filing suit, but rather, relies merely on its unilateral belief that its claims would be paid and there was no need to file suit. Under these circumstances, we find that prescription was not interrupted.
In its answer to this appeal, Lincoln has asked for damages from Aquatic due to the frivolous nature of this appeal. In Louisiana, damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for the purpose of delay or that counsel is not sincere in view of the law which he advocates. La.C.C.P. art. 2164; Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634 (1965); L. Frank & Company, Inc. v. Devillier's Foodliner, Inc., 365 So.2d 501 (La.App. 4th Cir.1978); Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir.1977).
There is no evidence in the record indicating that this appeal was taken solely for the purpose of delay or that counsel for appellant was not sincere in view of the law which he advocates. For this reason, we will not award damages for frivolous appeal.
For the foregoing reasons, the judgment of the trial court granting defendant-appellee's motion for summary judgment is hereby affirmed. All costs on appeal shall be paid by third party plaintiff-appellant, Aquatic Equipment & Engineering, Inc.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:629 provides, in pertinent part, as follows:

"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, residents, or to be performed in this state, shall contain any condition, stipulation, or agreement:
* * * * * *
"(3) Limiting the right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code."
[2] Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979).