ISRAEL S. WEINROTH, PLAINTIFF-RESPONDENT, v. NEW JERSEY MANUFACTURERS ASSOCIATION FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued October 20, 1936—Decided January 28, 1937.

For the appellants, *Cole & Cole.*

For the respondent, *Charles M. Phillips* and *Thompson & Hanstein.*

The opinion of the court was delivered by

HETFIELD, J. The appellant insurance company issued to the respondent a certain policy of insurance by the terms of which the respondent was indemnified against loss by fire or

theft of a 1929 model Cadillac sedan automobile. It appears that the car was stolen on February 7th, 1931, while parked in Atlantic City, and was destroyed by fire shortly after the taking. When the proof of claim was presented, the insurance company disclaimed liability, on the ground that respondent breached a certain express warranty contained in the policy, to the effect that the auto had cost $4,250, when in fact the true cost to the respondent was $3,500. Suit was then instituted in the Supreme Court, Atlantic Circuit, which resulted in a verdict in favor of the respondent for $1,664, and this appeal is from the judgment entered thereon.

The grounds upon which a reversal is sought are that the trial court erred in refusing to nonsuit or direct a verdict in favor of the defendant.

We agree with the contention of the appellant that the policy was void by reason of the breach of warranty with respect to the cost of the car. The insurance contract contained a clause reading as follows:

"The assured hereby warrants the truth of each and every statement contained in the Schedule hereof and this policy shall be void if at the time of issuance hereof any of these statements are untrue in fact."

In that part of the contract under the head of "Schedule," there appeared "Actual cost to Assured including equipment $4,250." This statement was inserted in the policy as a warranty by the assured, and was untrue in fact. The undisputed evidence given by the respondent's witness, Peter T. Ranere, who sold the car in question, showed that the total cost to the respondent was $3,648.92, the cost price being $3,500, paid by a trade-in of an old car at an allowed value of $1,200, and the sum of $2,300 in cash, the balance of $148.92 representing the cost of extras and accessories.

We are unable to discover any proof which would warrant a finding that the cost of the car to the assured was as represented, and therefore, no question was presented for the jury to determine. It is true that the respondent testified in an examination before trial that the list price and purchase price of the car was $4,250, but the only testimony as to the actual cost was given by the witness, Ranere.

The statement as to the cost of the car constituted an affirmative warranty, and the validity of the entire contract depended upon its truth. An assured is not entitled to recover for a loss if he is unable to bring himself within the terms and conditions of the contract of insurance, as the terms of the policy constitute the measure of the insurer's liability.

The appellant further contends that there was error in the refusal of the trial court to nonsuit or direct a verdict in its favor because suit was not instituted within ninety days after disavowal in writing by the company of liability as provided in the policy, which reads:

"No suit or action against the company on this policy shall be brought unless instituted within ninety days after disavowal in writing by the company of liability to the assured for the relief claimed in such action or suit; but if any provision of this paragraph is in conflict with the statutes of any state within which action on this policy is instituted, the conditions of this paragraph shall be inoperative in so far as in conflict with such statute."

It appears that the appellant disavowed liability in writing to the respondent on April 15th, 1931, and suit was not instituted until July 30th, 1931. The trial court held that the ninety-day limitation could not be enforced under such provision as it was in conflict with the statute of this state relating to limitations of actions. The act in question (see 3 *Comp. Stat.*, p. 3162) provides that "all actions of * * * shall be commenced and sued within six years next after the cause of such actions shall have accrued, and not after." In determining whether any provision of an insurance contract conflicts with the general laws of this state, the test should be whether the terms provide for, or permit, that which the statute forbids and prohibits. We are unable to observe any conflict, as the statute provides, in effect, that no suit can be instituted after six years, but does not make it unlawful for parties to agree by contract that the limitation shall be for a lesser period. The courts in this state have held on many occasions that a clause in an insurance policy limiting the time within which suit must be instituted is enforceable. *Ignazio* v. *Fire Association of Philadelphia et al.*, 98 *N. J. L.*

602; *Wilensky* v. *Georgia Casualty Co.*, 103 *Id.* 207, and *Petrullo* v. *Mechanic's Insurance Company of Philadelphia et al.*, 4 *N. J. Mis. R.* 586. We conclude, therefore, that the trial court erred in refusing to enforce the limitation clause in question.

The judgment under review will be reversed.

*For affirmance*—THE CHIEF JUSTICE, HEHER, DEAR, COLE, JJ. 4.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, PERSKIE, HETFIELD, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 11.