103 N.J. Super. 152 (1968)
246 A.2d 745
WILLIAM L. STAEHLE AND DOROTHY H. STAEHLE, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
AMERICAN EMPLOYERS' INSURANCE COMPANY, A CORPORATION OF THE STATE OF MASSACHUSETTS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1968.
Decided October 10, 1968.
Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Eugene S. Garrett argued the cause for appellants (Messrs. Kipp, Ashen & Somerville, attorneys).
Mrs. Sonia Napolitano argued the cause for respondent (Messrs. Pindar, McElroy, Connell & Foley, attorneys).
*153 PER CURIAM.
Defendant issued to plaintiffs a "Home Owners Policy" which contained an endorsement insuring them against theft or mysterious disappearance of personal property. On June 17, 1966 plaintiffs presented to defendant a claim for a diamond pin which they said had disappeared on June 15. By letter, dated July 15, 1966, defendant denied liability. Plaintiffs instituted this action on June 21, 1967.
The policy provided:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."
These are lines 157 to 161 of the New Jersey standard fire insurance policy. N.J.S.A. 17:36-5.20.
Defendant moved for summary judgment on the ground that the action had not been commenced within the time limited by the policy. The motion was granted and plaintiffs appeal.
Plaintiffs argue: (1) "Where a policy contains both a provision shortening the statutory provision for commencing an action and a provision preventing the insured from instituting an action before a certain time, the said period for commencing an action is tolled during the period the insured cannot bring an action," and (2) "It is unreasonable than an insurer may forfeit coverage where there is no likelihood that it was prejudiced by a breach of the policy provisions by the insured." For these propositions plaintiffs cite only two authorities: Cooper v. Government Employees Ins. Co., 51 N.J. 86 (1968), and Steel v. Phoenix Ins. Co., 154 U.S. 518, 14 S.Ct. 1153, 38 L.Ed. 1064 (1894). We find that the Cooper case is not in point. In the Steel case, the Ninth Circuit had held that the 12-month limitation began to run not from the date of the fire but rather from the expiration of 60 days after the proofs of loss were furnished. Judge McKenna dissented. On appeal the United *154 States Supreme Court was equally divided and therefore judgment was affirmed without opinion. We are not convinced by the Steel case that we should depart from the rule laid down in New Jersey Cases which have construed this or similar language. Weinroth v. N.J. Manufacturers Ass'n. Fire Ins. Co., 117 N.J.L. 436, 438-439 (E. & A. 1936); cf. Martin v. State Ins. Co., 44 N.J.L. 485, 487-490 (Sup. Ct. 1882); Krauss v. Brooklyn Fire Ins. Co., 130 N.J.L. 300, 305-306 (E. & A. 1943). The New Jersey rule seems to be the one followed in the majority of the states. See 29A Am. Jur., § 1797, pp. 867-868; Annotations 6 A.L.R.3d 1197; 95 A.L.R.2d 1028; 121 A.L.R. 758; Sager Glove Corp. v. Aetna Ins. Co., 317 F.2d 439 (7th Cir. 1963); Margulies v. Quaker City Fire & Marine Ins. Co., 276 App. Div. 695, 97 N.Y.S.2d 100 (1950).
We hold that the 12-month limitation in the policy is not ipso facto unreasonable, nor as applied to the facts at bar. Here defendant denied liability within one month after the claim was presented, leaving plaintiffs almost 11 months within which to start suit.
The judgment is affirmed.