359 So.2d 1288 (1978)
Dorothy Sellers GRICE
v.
AETNA CASUALTY AND SURETY COMPANY.
No. 61566.
Supreme Court of Louisiana.
June 19, 1978.
Lawrence J. Duplass, New Orleans, for defendant-applicant.
Floyd J. Reed, Bruce G. Reed, Reed, Reed & D'Antonio, Metairie, for plaintiff-respondent.
SUMMERS, Justice.
Plaintiff Dorothy Sellers Grice instituted suit on September 12, 1974 against Aetna Casualty and Surety Company claiming loss *1289 under a policy of burglary and theft insurance. Therein she alleges that on January 31, 1973 her home was burglarized, damage was done to her house, and coins, jewelry, fur and a television set were stolen. She alleged that Aetna was notified but no effort has been made to reimburse her for the loss. For this failure of Aetna she asserts she is also entitled to penalties and attorneys' fees.
To this petition Aetna filed an exception of prescription on October 3, 1974 contending that the "cause of action" alleged by plaintiff occurred more than one year prior to commencement of suit, and the claim is barred by the prescription of one year. On March 19, 1976 the trial judge dismissed the exception.
Thereafter, on April 6, 1976, Aetna filed a motion for summary judgment on the ground that the pleadings, admissions and evidence on file in the proceedings showed no genuine issue of material fact. Then, on April 20, 1976, Aetna filed the affidavit of its claims representative Paul J. Dussang in which he attested that he was familiar with plaintiff's claim; that on May 30, 1973 she had in full force and effect a policy with Aetna; that after the loss of January 31, 1973 a proof of loss form was forwarded to plaintiff but was never returned; and that there were no negotiations on this claim from August 1973 until March 20, 1974 when plaintiff requested payment pursuant to the policy. A copy of the policy was attached to the affidavit.
Although not marked filed, plaintiff's May 20, 1976 affidavit is the next pertinent document in the record. Therein she denies that she knew Dussang, or that he was the claims representative of Aetna, or that he was its claims representative at any time pertinent to this suit. She also denied that he forwarded proof of loss forms in connection with her claim.
The motion for summary judgment was heard on May 21, 1976. Relying on Gremillion v. Travelers Insurance Co., 256 La. 974, 240 So.2d 727 (1970), and Gambino Industries, Inc. v. Securities Insurance Company of Hartford, 333 So.2d 759 (La.App.1976), the trial judge granted the motion for summary judgment on June 16, 1976. On appeal to the Fourth Circuit the judgment was reversed. The Court of Appeal held that, under Section 629 of Title 22 of the Revised Statute, the clause in the fire policy limiting the time for filing suit was null and void with respect to the burglary and theft coverage in the homeowners policy because the time for filing suit was actually less than one year. Finding no valid clause setting forth the time for filing suit in the policy, the court held that the prescription applicable to the loss by theft was the ten-year prescription provided for suit on contracts according to Article 3544 of the Civil Code. 353 So.2d 401 (La.App.1978). Certiorari was granted on Aetna's application to review the Court of Appeal judgment. La., 355 So.2d 267.
The form of the standard fire policy is mandatory under Louisiana's Insurance Code. Its provisions are spelled out in detail by the legislature. The following clause is part of the standard fire policy; as such it is part of the State's statutory law:
"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss." La.Rev.Stat. 22:691F(2)
Aetna contends that this prescriptive provision is applicable to the homeowners policy, a contract used in connection with the standard fire insurance policy in the case at bar. The homeowners policy insures against burglary and theft and provides other coverages in addition to the perils of fire and lightning covered by the standard fire insurance policy. To support its position Aetna relies upon Section 691E of the Insurance Code wherein it is stated:
"Appropriate forms of other contracts or endorsements whereby the interest in *1290 the property described in such policy shall be insured against one or more of the perils which the insurer is empowered to assume, in addition to the perils covered by said standard fire insurance policy, may be approved and may, unless at anytime disapproved by the fire insurance division, be used in connection with a standard fire insurance policy and such forms may contain provisions and stipulations inconsistent with the standard policy if applicable only to such other perils.
"Any policy or contract otherwise subject to the provisions of subsections A and B hereof, which includes either on an unspecified basis as to the coverage or for a single premium, coverage against the peril of fire and substantial coverage against other perils need not comply with the provisions of Subsections A and B hereof, provided . . . ." La.Rev. Stat. 22:691E.
If Aetna's position is sound, plaintiff's suit, filed 19½ months after the loss, is prescribed.
Plaintiff, on the other hand, contends that the prescriptive clause contained in the standard fire policy to which Aetna's homeowners policy is attached, insofar as the burglary and theft coverage is concerned, is in reality a limitation of the right of action against the insurer to a period of less than one year from the time when the cause of action accrues. This reduction of the time limitation for filing suit to less than one year is said to result from the provision of the standard fire policy to the effect that suit may not be instituted and payment for the loss is not enforceable until at least sixty days after the loss. By this requirement the insured must wait sixty days during the one-year period before suit can be filed, thereby reducing the time for suit to ten months. La.Rev.Stat. 22:691F(2). Such a limitation, while specifically authorized by the legislature with respect to the standard fire policy, is, according to the plaintiff, null and void when applied to the burglary and theft coverage of a homeowners policy used in connection with a standard fire policy. To support this position plaintiff refers to Section 629A(3) and B of the Insurance Code:
"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
. . . . .
(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract." (La.Rev.Stat. 22:629A(3) and B.)
The first question is whether the clause in the standard fire policy limits the right of action against the insurer to a period of less than one year from the time when the cause of action accrues. In interpreting that clause is Gremillion v. Travelers Indemnity Co., 256 La. 974, 240 So.2d 727 (1970), this Court held that the phrase "next after inception of the loss" means "the time of the fire and not the time of the ascertainment of the loss." This holding was reaffirmed in P. O. P. Construction Co. v. State Farm Fire and Cas. Co., 328 So.2d 105 (La.1976). Accepting this interpretation requires a holding that that clause does in fact limit the right of action against the insurer to a period of less than one year. This is so because the condition of the standard fire policy, which provides that no suit can be maintained against the insurer unless all requirements of the policy have been complied with, requires that the one-year limitation for suit be read in connection with the other policy provision. La. Civil Code art. 1955. Other pertinent policy provisions are to the effect that the insured *1291 must render a proof of loss within sixty days after the loss, and the amount of loss shall be payable sixty days thereafter. Considered in its best light, under the policy no suit can be filed within sixty days after loss, if it is conceivable that the insured could furnish a proof of loss the day the loss occurred. The time could be 120 days if the insured and the company each availed themselves of the sixty days allowed by the policy. The time for filing suit is therefore reduced by no less than sixty days, giving the insured ten months to file suit instead of one year.
On the basis of the foregoing and the quoted provisions of Section 629, the limitation in the standard fire policy in question would be considered void because it limits the right of action against the insurer to less than one year, unless it can be held that it is a limitation "otherwise specifically provided" in the Insurance Code. In that event the limitation would find a basis for a separate validity not affected by the prohibitions of Section 629. We find that the quoted limitation in the standard fire policy is mandated by the legislature as part of the Insurance Code and because of this it is "otherwise specifically provided" in the Code. It follows that if the homeowners policy is part of the same contract as the standard fire policy the burglary and theft coverage of the homeowners policy will be governed by the same limitation as the standard fire policy. Such a rationale would result in a finding that the plaintiff's suit was prescribed. We so hold.
The standard fire policy mandated by the legislature pertains to "direct loss by fire, lightning and by removal from premises endangered." La.Rev.Stat. 22:691F(1). At the same time the form of policy prescribed provides space for listing "premiums for the basic coverages insured under the standard form of policy and for additional coverages or perils insured under endorsements attached." Id. (1). On the second page of the prescribed form this clause is found:
"Perils not includedThis company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by: (a) enemy attack . . . [etc.](j) nor shall this Company be liable for loss by theft." La.Rev.Stat. 22:691F(2). This clause is also found on page two: "Other perils or subjectsAny other peril to be insured against or subject of insurance to be covered in this policy shall be by endorsement in writing hereon or added hereto."
These standard fire policy provisions indicate that the legislature intended that this basic standard fire policy could be employed for "additional coverages or perils insured under endorsements attached" and to "other perils"that is, perils other than fire and lightning. With respect to "theft", it is excluded from coverage. But, it is noted, the insurer is not precluded from providing theft coverage inconsistent with the standard fire policy. By the terms of Section 691E "other contracts or endorsements . . . may contain provisions and stipulations inconsistent with the standard [fire insurance] policy . . . ."
The homeowners policy is attached to the standard fire policy. Both are included under the heading "Homeowners Policy". In fact the homeowners policy is so essentially "connected" to the standard fire policy, that it would not be coherent standing alone, because the form of the policy and the coverages section contemplates both as part of one policy.
Therefore the time limit for filing suit contained in the standard fire policy applies to coverages and perils other than fire and lightning when those other coverages and perils are made part of the prescribed standard fire policy, unless these additional coverages and perils are otherwise limited by the terms and conditions of the endorsements. La.Rev.Stat. 22:691E. Significantly the homeowners policy attached to the standard fire policy has no provision prescribing the time for filing suit on a loss.
*1292 The position stated is supported by this Court's 1976 decision in P. O. P. Construction Co. v. State Farm Fire & Cas. Co., 328 So.2d 105. It was recognized there that Section 691 of Louisiana's Insurance Code was modeled after the New York Standard Fire Insurance Policy of 1943. Because the suit limitation clause in the New York policy contained the phrase "unless commenced within twelve months next after the fire," New York courts interpreted this clause to mean that it was not necessary to bring an action within twelve months after other type of casualty loss covered by the policy. Consequently, the suit clause in the standard policy was changed in 1943 to provide that no suit could be maintained "unless commenced within twelve months next after inception of the loss." Margulies v. Quaker City Fire & Marine Insurance Co., 276 App.Div. 695, 97 N.Y.S.2d 100 (1950), found that this change was made in order that the suit limitation clause would "apply also to additional coverages by indorsements on the 1943 standard fire insurance policy."
From a number of decisions it is apparent that the question of additional coverage for other perils attached to the standard fire policy have been governed by the suit limitation clause in the standard fire policy. In Blum v. Cherokee Ins. Co., 336 So.2d 894 (La.App.1976), a suit by the insured against the insurer for hail damage, the one-year limitation of the standard fire policy was invoked to support a holding that the suit was filed too late. Pinion v. Pennsylvania Millers Mutual Ins. Co., 245 So.2d 733 (La. App.1971), stands for the proposition that the one-year limitation on suit clause of the standard fire policy is applicable to a claim for hurricane loss under an extended coverage endorsement.
The same time limitation for suit clause was applied to a loss arising from vandalism and malicious mischief covered by endorsement on a fire policy in Sager Glove Corp. v. Aetna Ins. Co., 317 F.2d 439 (7th Cir. 1963). A floor buckling loss under an extended coverage endorsement to a homeowners policy was held prescribed by a time limitation on suit clause almost identical to the clause in the case at bar. Naghten v. Maryland Casualty Co., 47 Ill.App.2d 74, 197 N.E.2d 489 (1964).
A loss under a theft and mysterious disappearance of personal property endorsement in a homeowner's policy was held subject to the same limitation on suit clause contained in a New Jersey fire insurance policy in Staehle v. American Employers' Ins. Co., 103 N.J.Super. 152, 246 A.2d 745 (1968).
The Court applied the one-year suit limitation clause in a fire policy to a loss claimed for settling pipes under a fire and extended coverage policy in Zurn Engineers v. Eagle Star Ins. Co., Ltd., 61 Cal.App.3d 493, 132 Cal.Rptr. 206 (1976).
Compare Rodriguez v. Northwestern National Insurance Co., et al., 358 So.2d 1237 (1978.)
For the reasons assigned the judgment of the Court of Appeal is reversed, and the judgment of the District Court maintaining the motion for summary judgment is reinstated and made the judgment of this Court.
DIXON, J., dissents.