CURRAULT, Judge.
This appeal arises from the Twenty-Ninth Judicial District wherein the trial court dismissed third-party defendant, Fireman’s Fund, pursuant to its exception of prescription. Defendant, Southeastern Industrial Contracting, Inc. has appealed.
On January 26, 1979, Donald M. Clement Contractor, Inc. (Clement) and Southeastern Industrial Contracting, Inc. (Southeastern) entered into a lease in which Clement agreed to lease to Southeastern one 880 Case backhoe. From that date and for approximately ten weeks, Southeastern occasionally used the backhoe until April 3, 1979, when Southeastern’s superintendent, Doyle Rena, notified Clement that the backhoe would not start or function. Pursuant to this information, Clement’s superintendent made a cursory inspection of the machine and found a broken Bendix gear, black engine oil and a locked engine. Lee Tractor Services, Inc. then inspected the machine and informed Clement as to the cause and extent of the damage (lack of oil pressure and/or dirty oil) and cost of repairs to the engine.
The first indication in writing that Southeastern was considered liable by Clement for the cost of these repairs was in a letter dated June 1,1979. It was at this time that Southeastern informed Clement that it did not consider itself liable for the repair costs, but instead considered Clement responsible for maintenance and repairs of the backhoe. From the latter part of June, 1979 until late January, 1981, no formal demand was made by Clement on Southeastern for the payment of the repair costs of the machine. Because property damage to the backhoe was insured under the special Floater Policy # MSF-286-51-49 issued by Fireman’s Fund Insurance Company (Fireman’s Fund), Southeastern informed Fireman’s Fund as to the possibility of a claim in late 1979. However, as is indicated by a letter from Fireman’s Fund to Southeastern dated February 27, 1980, Fireman’s Fund stated that it would deny coverage for this claim. *1006 At this time, though, Southeastern had no claim to make to Fireman’s Fund in that Clement had not made formal demand on Southeastern for the cost of the backhoe repairs.
However, on January 26,1981, Southeastern received written formal demand for payment from Clement’s counsel. Clement then filed suit on May 7, 1981, against Southeastern and Fireman’s Fund. Clement sought the cost of repair of the backhoe as well as the unpaid rental during the time Southeastern had the machine before it broke.
Southeastern answered the petition and third-partied Fireman’s Fund on June 10, 1981, seeking to enforce coverage under the Special Floater Policy and for indemnification.
Exceptions of no right of action and no cause of action and motions for summary judgment were filed by Fireman’s Fund against the petition and the third-party demand. Fireman’s Fund asserted:
(1) Fireman’s Fund was not the liability insurer of Southeastern, and it owed no defense to Southeastern;
(2) No suit was brought by anyone within twelve months of discovery of the loss and any claims under the policy had prescribed; and
(3) The policy clearly and specifically excluded loss due to wear and tear, mechanical breakdown, etc.
Southeastern also moved for summary judgment on the coverage issue and for a determination that Fireman’s Fund had been arbitrary and capricious in denying Southeastern’s claim.
Following hearing on the motions, the trial judge dismissed the claims against Fireman’s Fund as being barred by the twelve-month prescriptive period. Since the trial court found that the claims had prescribed, it did not reach the issues of (1) whether the claims were excluded by the mechanical breakdown provisions of the policy; or (2) whether Southeastern was entitled to penalties and attorney’s fees.
Southeastern has appealed the dismissal of Fireman’s Fund and maintains that the trial court was in error in the following:
(I) The trial court was in error in finding the third-party demand of appellant against Fireman’s Fund had prescribed;
(II) The trial court was in error in not finding that there was coverage for the repair costs of the damaged backhoe under the insurance policy in question; and
(III) The trial court was in error in not finding Fireman’s Fund liable to Southeastern for attorney’s fees and penalties as per L.R.S. 22:658.
The only issue properly before this court is whether the trial court was correct in its determination that the claim against Fireman’s Fund was barred by a twelve-month prescriptive period which began to run when the insured discovered the occurrence which gave rise to the claim (as provided by Condition 16 of the Fireman’s Fund policy).
Condition 16 clearly, and concisely, states: “16. Suit. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided, however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State.”
Southeastern does not argue the validity of the time limit for filing suit as set forth in Condition 16. Instead, Southeastern argues that the “occurrence which gives rise to the claim” would be a loss sustained by Southeastern and covered by the Fireman’s Fund policy in question. Thus, Southeastern concludes the claim on the policy arose only when it was sued by Clement and not any time earlier. We disagree.
The insurance policy at issue is a policy of property insurance, not a policy of liability insurance. What is covered by this policy is damage to the property, not the liability of *1007 those who might be held responsible for that damage. It is the damage to the property, the thing insured, which triggers the policy coverage. Once damage occurs, the policy becomes a debt immediately due from the insurer directly. The policy is not contingent liability for the monetary damage recoverable or not.
It is clear that the “occurrence which gives rise to the claim” is the event or fact of infliction of physical damage to the property and not the ascertainment of the quantum of monetary damage sustained by the owner.
Accordingly, the “occurrence” was the breakdown or failure of the backhoe to operate in April, 1979. Suit was not filed nor was the third-party demand made until May, 1981. Condition 16 would bar these suits and is not contrary to Louisiana Statutory law.[1]
Therefore, for the above stated reasons, we affirm the decision of the trial court dismissing Fireman’s Fund pursuant to its peremptory exception of prescription and further assess appellant with all costs of this appeal.
AFFIRMED.

. LSA-R.S. 22:629:
“A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
... (3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.”