BYRNES, Judge.
The Board of Levee Commissioners of the Orleans Levee District (“Board”) appeals a summary judgment sustaining an exception of prescription and dismissing Harbor Insurance Company (“Harbor”) from the proceedings.
FACTS
The Levee Board contracted with Boh Brothers Construction Company (“Boh”) to build a breakwater and retaining structure for the South Shore Harbor project on Lake Pontchartrain. The Board purchased a contractor’s installation or builder’s risk policy of insurance from Harbor Insurance Company, and Boh Brothers was named as an additional insured under Policy No. HI-163288, covering damage to the structure as it was constructed. Boh Brothers submitted claims of flood damage to the structure to the Levee Board who in turn submitted those claims to Harbor Insurance. Documentation of the damage claims were submitted to Harbor on May 18, 1985 and June 18, 1985. Overhead charges to these previously submitted claims were submitted by Boh Brothers on July 8, 1985.
In its letter to the Levee Board dated September 23, 1985, Harbor Insurance acknowledged receipt of the documentation of the losses but Harbor denied payment on the grounds that none of the claims *1259 exceeded the deductible of $50,000 per occurrence. Subsequently, on August 25, 1986, Boh Brothers filed suit against the Levee Board and Harbor Insurance to recover damages to the project structure from floods which occurred between February 16, 1984 and May 23, 1985. Boh’s suit also included claims of unpaid contract sums as well as the storm/flood claims. The Levee Board filed a third party demand against Harbor. Thereafter, Harbor Insurance filed a motion for summary judgment/exception of prescription. After a hearing on October 14, 1988, the trial court granted the summary judgment, sustained the exception of prescription, and dismissed all actions against Harbor Insurance. The Orleans Levee Board appeals this judgment.
ISSUES
The Levee Board raises three issues on appeal:
(1) whether the action against Harbor Insurance is barred by prescription;
(2) whether the district court improperly determined facts not in evidence and not at issue in the proceedings for summary judgment; and
(3) whether exhibits were improperly introduced into evidence in the summary judgment and appellate proceedings.

I. Prescription

On appeal, the Levee Board argues that the district court erred in sustaining an exception of prescription under R.S. 22:691, limiting prescription to one year after the date of discovery. The Board contends that the flood damage provision is not part of or attached to a standard fire policy and is not governed by LSA-R.S. 22:691, applying exclusively to standard fire policies. The Board asserts that LSA R.S. 22:629 applies, prohibiting the limitation of action in policies other than standard fire insurance to less than one year from the time the cause of action accrues. The Levee reasons that the subject insurance policy provision limiting a right of action from the date of discovery imposes a shorter limitation than allowed by law, and therefore, is null and void. The Board claims that a limitation of a ten year libera-tive prescription applies. (La.C.C. Art. 3499, formerly La.C.C. Art. 3544.)
In support of summary judgment, Harbor • Insurance contends that LSA-R.S. 22:691 governs all policies of insurance covering fire and other perils, including builder’s risk insurance policies including Policy No. HI-163288 at issue, whether or not the policies include terms of the fire policies. [LSA-R.S. 22:691(B), (E) ]. In the alternative, Harbor claims the terms and conditions of the standard fire policy provisions should be incorporated into such policies by reference. [LSA-R.S. 22:691(B), (E)]. Even if the terms of the policy as written barring suit from one year after date of discovery of the loss are found invalid, Harbor avers that the “savings clause” of the policy providing for the “shortest limit of time permitted by the laws of (this) state” is valid and applies. Harbor notes that suit was not filed until August 25, 1986, almost 15 months after discovery of the last occurrence (May 18, 1985), and nearly three years after discovery of the first occurrence in February, 1984.
To support its position the Levee Board refers to Section 22:629(A)(3) and (B) of the Louisiana Insurance Code:
“A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this State, shall contain any condition, stipulation, or agreement:
******
(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.
B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.”
In respect to the standard fire policy, LSA R.S. 22:691(A), (B), and (E) provide:
*1260 “(A). The printed form of a policy of fire insurance, as set forth in Subsection F shall be known and designated as the ‘standard fire insurance policy of the State of Louisiana.’
(B). No policy or contract of fire insurance shall be made, issued or delivered by any insurer, or by any agent or representative thereof, on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy.
* * * * * *
(E). ... Any policy or contract otherwise subject to the provisions of Subsections A and B hereof, which includes either on an unspecified basis as to the coverage or for a single premium, coverage against the peril of fire and substantial coverage against other perils need not comply with the provisions of Subsections A and B hereof, provided (1) such policy or contract shall afford coverage, with respect to the peril of fire, not less than the coverage afforded by said standard fire policy, (2) the provisions in relation to mortage interests and obligations in said standard fire policy may be incorporated therein without change, (3) such policy or contract is complete as to all of its terms without reference to the standard form of fire insurance policy or any other policy, and (4) the commissioner is satisfied that such policy or contract complies with the provisions thereof ...”
Further, LSA-R.S. 22:691(F)(2) states:
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been within twelve months next after the inception of the loss.”
The Harbor Insurance policy limits the period within which suits may be filed to one year after the discovery of the occurrence which gives rise to a claim. It provides in pertinent part:
“Suit. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim provided however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such state.” (Paragraph 22).
LSA-R.S. 22:691
In Grice v. Aetna Casualty and Surety Company, 359 So.2d 1288 (La.1978), the Louisiana Supreme Court found that a homeowner’s policy was part of the same contract as the standard fire insurance policy form and thus burglary and theft coverage provisions were governed by the same limitation as the standard fire policy under LSA-R.S. 22:691. Therefore, the insured’s claim had prescribed. Although the insurance policy at issue is not attached to a standard fire policy, under Harbor’s ALS/1967 Contractor’s Installation or Builder’s Risk Form, Condition 16 provides:
CONFORMITY WITH STATUTE
In any State requiring a standard form of fire policy, insurance hereunder on . values and properties in such state shall attach and cover in accordance with the terms and conditions of such standard fire policy.
By reference, this clause incorporates the terms and conditions of the standard fire policy, thereby essentially connecting the Builder’s Risk Insurance with the standard fire insurance policy form. Harbor Insurance Policy No. HI-163288 is not complete as to all its terms without reference to the standard fire policy form. The Louisiana Supreme Court held that the “standard fire policy provisions indicate that the legislature intended that this basis standard fire policy could be employed for ‘additional coverages or perils insured under endorsements attached’ and to ‘other perils’.” Grice v. Aetna, supra, 359 So.2d at 1291.
LSA-R.S. 22:629
Additionally, Louisiana and federal courts have upheld insurance policy pre *1261 scription terms limiting suit from date of discovery with a savings clause similar to that contained in Policy No. HI-163288 under LSA-R.S. 22:629. A property damage insurance policy containing a clause limiting suit to one year from the date of discovery of the occurrence was reasonable in compliance with LSA-R.S. 22:629 and therefore valid and enforceable. Midco Louisiana Company v. Aquatic Equipment and Engineering, Inc., 423 So.2d 10, 11-12 (La.App. 1st Cir.1982). In Donald M. Clement Contractor v. Southeastern Industrial Contracting, 425 So.2d 1005 (La.App. 5th Cir.1983), the appellate court considered a special floater policy with a year prescription within 12 months of discovery of the loss to be a property insurance policy, not a liability policy. “It is damage to the property, the thing insured with triggers policy coverage. Once damage occurs, the policy becomes a debt immediately due from the insurer directly.” Clement, supra, 425 So.2d at 1007. That court found that the policy clause was not contrary to LSA-R.S. 22:629.
The Levee Board maintains that Insurance Policy HI-163288’s provision (for 91 days to file a loss claim and 60 days within which payment must be made) limits the time within which to file suit to less than one year because any legal action was premature until the term to perform the obligation to pay expired. The Board contends that the prescription period therefore is void and the shortest period of limitation was 10 years under La.C.C. Art. 3544 (now La.C.C. 3499), citing this court’s opinion, Grice v. Aetna Casualty & Surety Company, 353 So.2d 401 (La.App. 4th Cir.1977) [reversed 359 So.2d 1288 (La.1978) ]. That argument was considered in S.E.A. Towing Co., Inc. v. Great Atlantic, 688 F.2d 1000 (5th Cir.1982) cert. denied, 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed 2d 789 (1983). Although there was a clause for proof within 60 days of loss in the hull insurance policy, the federal court found that, “there is no restriction on the right of the assured to file suit as found in Grice, ” (referring to the appellate rather than the Louisiana Supreme Court decision later upholding coverage under LSA-R.S. 22:691.) The court upheld the policy provisions limiting a right of action against the insurer to a period of less than one year from time the cause of action accrues because there was no policy restriction on the insured’s right to file suit for any period after the loss. The policy also contained a savings clause extending the limitation period to the minimum period required by applicable state law if the provisions violated state law. S.E.A. Towing, supra, 688 F.2d at 1002. Therefore, the exception of prescription is maintained.

II. and III. Trial Court’s Reasons for Judgment and Supporting Evidence

Because the action against Harbor Insurance had prescribed, it was unnecessary for the trial court to reach the finding in its Reasons for Judgment that there were 19 individual and distinct flood occurrences, none of which caused damage in excess of the $50,000 deductible. However, this finding should be rejected in the summary judgment ruling because the parties in this suit contest whether damage was caused by floods or Boh’s poor workmanship, and an issue exists as to whether the damage was covered by the insurance policy and whether the deductible applies. Harbor claims there were 18 or 19 separate occurrences (38 were perceived in Harbor’s letter of September 23, 1985). The Board counters that there is insurance coverage. This puts at issue the intent of the parties as to the interpretation of the insurance policy. The intention of the parties constitutes a genuine issue of material fact which must be decided at a full trial on the merits. Sellers v. Seligman, 463 So.2d 697 (La.App. 4th Cir.1985), writ denied, 464 So.2d 1379 (La.1985). The burden of proof is on the party moving for summary judgment, and the court should resolve every reasonable doubt against the mover and in favor of a trial on the merits. G.E. Credit Corp. v. World Car Center, 503 So.2d 602 (La.App. 4th Cir.1987). The court should not seek to determine whether it is likely that the mover will prevail on the merits but rather whether there is an issue of *1262 material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988).
Notably, in its Memorandum in Support of Motion for Summary Judgment (p. 3), Harbor itself concedes, “(t)he issue of whether or not each of the claims should be considered separately is not at issue in this motion. ”
We conclude that the trial judge erred in reaching a determination in its Reasons for Judgment beyond the issue of prescription. In light of this finding, it is unnecessary to review any evidence in connection with the occurrence/deductible issue.
We therefore affirm the decision of the trial court dismissing Harbor Insurance Company pursuant to its exception of prescription but amend to delete any additional interpretation of the insurance policy as stated by the trial court. All costs of the appeal are assessed equally to the Levee Board and Harbor Insurance Company.
AFFIRMED IN PART, REVERSED IN PART.