**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1192-18

VINCENT LAROSA,

    Plaintiff-Appellant,

v.

ALLSTATE NEW JERSEY
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued on June 1, 2021 – Decided July 30, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1201-18.

Joseph Cicala argued the cause for appellant.

Mark J. Walters argued the cause for respondent (Labletta & Walters, LLC, attorneys; Mark J. Walters, of counsel and on the brief).

PER CURIAM

This matter arises from plaintiff's challenge to defendant insurance company's denial of coverage relating to a claim under a motorboat insurance policy. On July 20, 2018, the trial court dismissed plaintiff's complaint with prejudice, holding he failed to file the complaint within the allotted one-year period of limitation. Plaintiff now appeals from the court's October 12, 2018 order denying reconsideration of that earlier order. The one-year time limit was established under the terms of the insurance policy, which reduced the six-year period within which suit could be brought under the statute of limitations. See N.J.S.A. 2A:14-1. Plaintiff contends the suit limitation provision in the policy is a contract of adhesion and thus unenforceable. Plaintiff also contends he had no notice that his right to file suit had been reduced from six years to one year, and that the one-year period of limitation under the policy should have been tolled while his internal appeal of the insurance carrier's denial of his claim was pending. After carefully reviewing the record in light of the arguments of the parties and the governing legal principles, we reject plaintiff's arguments and affirm the order dismissing his complaint with prejudice. We do so substantially for the reasons explained by Judge Craig L. Wellerson in his cogent oral opinion dismissing plaintiff's motion for reconsideration.

A-1192-18

We briefly summarize the pertinent facts and procedural history. On September 5, 2015, plaintiff sustained a loss to his motorboat. He submitted an insurance claim on September 8, 2015. On October 30, 2015, defendant notified plaintiff that the loss was not covered by the policy. The notification included an explanation of the internal appeals procedure informing plaintiff that should he appeal, he would "receive written notification of the final decision of the panel within 10 business days."

Plaintiff claims he filed an internal appeal by means of a letter dated November 18, 2015. Defendant provided the trial court with a certification from the senior administrative assistant with access to all of defendant's internal appeals stating, "Allstate has no record of ever receiving an internal appeal for claim number 0383154796."

Although plaintiff had been notified that the internal appeals process would be completed within ten days of the submission of an appeal, he failed to follow up when he did not receive notification of any decision. On May 15, 2018—983 days after the accident and 909 days after purportedly filing an internal appeal—plaintiff initiated a lawsuit in Superior Court by filing a complaint with a jury demand. On June 13, 2018, defendant filed a motion to dismiss in lieu of an answer.

A-1192-18

In an October 20, 2018 order, Judge Wellerson granted defendant's motion to dismiss, ruling that plaintiff's suit was not timely filed. On August 9, 2018, plaintiff filed a motion for reconsideration:

> [t]he specific issue that I am requesting reconsideration of is that the [c]ontract of [i]nsurance is a [c]ontract of [a]dhesion, and as such [d]efendant's argument, which is premised upon a limitation in the policy that reduces the amount of time that an insured can file a claim against [defendant] from six (6) years (as set forth in N.J.S.A. 2A:14-1) to one (1) year, should fail.

Although there was a brief mention of the tolling issue in his certification, plaintiff focused on the adhesion contention.[1] Plaintiff also claimed that "[u]pon applying to [defendant] for a policy of insurance to cover our boat, we were never advised that the policy would limit the statutorily mandated claim period from six (6) years to one (1) year. Certainly, there was no bargained for consideration of same."

On October 12, 2018, the parties appeared before Judge Wellerson on the motion for reconsideration. After listening to the parties' arguments, the judge

---

[1] Plaintiff identified his disagreement regarding the tolling issue, "namely the tolling of the filing period as a result of filing an internal appeal and whether an internal appeal tolls said period[,]" but noted "I will deal with those issues in the Appellate Division if needed, and I am limiting this [n]otice of [m]otion for [r]econsideration to the adhesion contract issue only."

denied the motion, rendering an oral opinion. The judge concluded that plaintiff was bound to the one-year limitation, finding that the limitation period was reasonable and enforceable. The judge explained,

> [i]t has been--long been the-the standard here in the state that when insurance policies set forth time limitations to sue, as long as they are reasonable, if the time limitation would be you have thirty days to file suit, the [c]ourt may very well step in and say even though that is designated, that's an unreasonable term and condition to bind the insured. Here it is one year, it is not unusual that carries set either one year or two years as limitation periods to file these types of claims.

Because we affirm substantially for the reasons explained by the trial judge in his oral opinion denying the motion for reconsideration, we need not re-address plaintiff's arguments at length. We add the following comments:

Rule 4:49-2 governs motions for rehearing or reconsideration that seek to alter or amend a judgment or order. Reconsideration rests within the sound discretion of the court and is to be exercised in the interest of justice. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). Reconsideration is appropriate "only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." D'Atria

v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). The moving party must demonstrate that the court acted "in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." Ibid. Alternatively, a movant may ask the court to reconsider a prior decision or order if there is new or additional information that the movant could not have provided on its first application for relief. Ibid. A litigant may not, however, seek reconsideration "merely because of dissatisfaction with a decision of the [c]ourt." Ibid. A decision on a motion for reconsideration is reviewed under the abuse of discretion standard. Cummings, 295 N.J. Super at 389.

With respect to the applicable standard of review of the underlying decision to dismiss the complaint, the interpretation of an insurance policy is considered to be a question of law, subject to de novo review. Wear v. Selective Ins. Co., 455 N.J. Super. 440, 453 (App. Div. 2018). Courts must interpret the policy language's plain, ordinary meaning. Ibid.; see also Nav-Its, Inc. v. Selective Ins. Co., 183 N.J. 110, 118 (2005).

With these general legal principles in mind, we first consider plaintiff's contention that the lawsuit limitation provision rendered the insurance policy a contract of adhesion and thus unenforceable as to that provision. "[T]he essential nature of a contract of adhesion is that it is presented on a take-it-or-

leave-it basis, commonly in a standardized printed form, without opportunity for the 'adhering' party to negotiate except perhaps on a few particulars." Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 353 (1992).

Applying de novo review to the insurance policy at issue, we agree with Judge Wellerson that the policy was not an unconscionable contract of adhesion. New Jersey courts have long recognized the validity of suit limitation provisions. See Ignazio v. Fire Ass'n of Phila., 98 N.J.L. 602, 604–05 (1923); Weinroth v. New Jersey Mfrs. Ass'n Fire Ins. Co., 117 N.J.L. 436, 438–39 (E. & A. 1937); Peloso v. Hartford Fire Ins. Co., 56 N.J. 514, 521 (1970). We note that in Peloso, our Supreme Court enforced a suit limitation provision in a fire insurance policy that was substantially similar to the one in the motorboat insurance policy presently before us. Plaintiff has cited no legal authority to support his contention that a one-year time limit for an aggrieved policyholder to commence suit against an insurance company is unreasonable or unconscionable.

We likewise reject plaintiff's argument that we should invoke the doctrine of reasonable expectations to void the time limitation for bringing suit prescribed in the policy. In Kievit v. Loyal Protective Life Ins. Co., our Supreme Court recognized that "the court's goal in construing an accident insurance

policy is to effectuate the reasonable expectations of the average member of the public who buys it . . . ." 34 N.J. 475, 488 (1961). The Court reasoned that members of the public "should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded 'to the full extent that any fair interpretation will allow.'" Id. at 482 (quoting Danek v. Hommer, 28 N.J. Super. 68, 76 (App. Div. 1953)).

The cornerstone of plaintiff's argument is that the general statute of limitations for civil actions set forth in N.J.S.A. 2A:14-1[2] affords six years to bring a cause of action concerning a contract dispute. Plaintiff argues "[a]n ordinary lay person, by doing a simple Google search, would determine in

---

[2] N.J.S.A. 2A:14-1 reads:

> [e]very action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.

seconds that the statute of limitations on such claims is six (6) years."  That may be so, but plaintiff was obliged to look also to the terms of the contract.  See Stelluti v. Casapenn Enters., LLC, 203 N.J. 286 (2010) ("When a party enters into a signed, written contract, that party is presumed to understand and assent to its terms, unless fraudulent conduct is suspected.").

Plaintiff argues he "was not even aware that the limitation existed until the [d]efendant filed the [n]otice of [m]otion to [d]ismiss the [c]omplaint[.]"  Plaintiff's failure to read the policy, however, affords no basis under the reasonable expectation doctrine upon which we may disregard the policy's express and unambiguous terms.  The policy explicitly provides: "Suit Against Us[:] No suit or action may be brought against us unless there has been full compliance with all the policy terms.  Any suit or action must be brought within one year after the date of loss."  (emphasis in original).

We conclude the suit limitation provision was not a "technical encumbrance" or "hidden pitfall" within the meaning of Kievit.  As we have noted, suit limitation provisions reducing the time to bring suit otherwise afforded under the statute of limitations are reasonable, common, and enforceable.  The fact that plaintiff failed to read the contract is of no moment.

A-1192-18

Finally, we address plaintiff's argument the one-year time limit was tolled because defendant never responded to plaintiff's request for an internal appeal. As we have noted, plaintiff relies on a letter initiating the internal appeal that he claims was sent on or about November 18, 2015. Defendant asserts that it has no record of receiving plaintiff's internal appeal. Defendant also stresses that plaintiff never checked on the status of the purported internal appeal despite having been advised the company would announce its decision within ten days of receipt of the internal appeal. We need not resolve the factual dispute for purposes of our de novo review. Even accepting for purposes of argument that plaintiff initiated an internal appeal and defendant never rendered a final determination on it, we hold that plaintiff's argument is unavailing because the pendency of an internal appeal does not toll the running of the period within which a lawsuit must be filed under the policy. See Matos v. Farmers Mut. Fire Ins. Co., 399 N.J. Super. 219, 227–28 (App. Div. 2008) ("Neither Peloso nor the [insurance policy at issue] indicates that the filing of an internal appeal tolls the twelve-month period for filing a suit.").

To the extent we have not addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1192-18